McBRIDE, Judge.
The sole question this appeal presents is whether plaintiff, Richard, was guilty of contributory negligence in driving his Chevrolet automobile into the rear of another automobile which was in charge of Voorhies and which was stopped in the same path of the Lake Pontchartrain *163 Bridge in which Richard was traveling, i. e., toward New Orleans. The accident took place on the St. Tammany side of the bridge on the evening of November 21, 1955. This suit is brought for recovery of the amount necessary to repair Richard’s car and Voorhies and his liability insurance carrier are impleaded as defendants in solido, it being alleged that Voorhies was negligent, among other things, in stopping his vehicle on the highway bridge without lights or warning flares or signals. The plaintiffs are Richard and Washington Fire & Marine Insurance Company, the latter being a subrogee of a portion of the claim.
Defendants deny negligence on the part of Voorhies and plead in the alternative that Richard was guilty in several respects of negligence contributing to the accident as a bar to a recovery. As reconvenor Voorhies seeks recovery of his damages from Richard.
Both the suit and the demand in recon-vention were dismissed below and plaintiffs have taken this appeal.
Voorhies brought his car to a stop on the bridge because of tire trouble. An automobile driven by Rush going in the direction of New Orleans then passed the Voor-hies car. Richard’s automobile was following the Rush vehicle and was about a distance of two blocks to its rear. Richard never became aware of the stationary car until about 40 feet before reaching it and then it was too late to stop and too dangerous to swerve to the left to avoid the accident because automobiles were approaching on the left from the opposite direction. Richard concedes that had he sighted the Voorhies vehicle sooner, he could have safely passed it to its left without danger of collision with oncoming traffic.
Also appearing from Richard’s testimony are these facts: His speed was 40 miles per hour although the maximum legal speed for traffic traveling on the bridge is 25 miles per hour as testified to by a State Trooper; that the beams of his headlights only carried 35 feet ahead notwithstanding LSA-R.S. 32:290, 291 and 301 require all vehicles being driven on highways to be equipped with headlights capable of rendering clearly discernible a person 200 feet ahead; Richard also made the admission that his vehicle could have been stopped within 35 feet, yet he says he became aware that the Voorhies car was in his path when he was 40 feet away from it.
Richard also professes the darkness of the night, the color of the Voorhies car and the fact that its taillight was not illuminated, all taken together, militated against his observance of the danger sooner, but we think his position is untenable. There is some conflict in the testimony whether the stationary vehicle was lighted, 'but that issue need not be resolved because if Richard’s car had been equipped with proper headlights he should have seen the car ahead in ample time to have avoided running into it. As to the night being a dark one, all we can say is that the blacker the night the sharper should have been Richard’s lookout.
Richard also claimed he was intermittently blinded by the headlights of five or six vehicles which approached from the opposite direction, and for that reason he was unable to discern the Voorhies car at a greater distance. We think that if blinding lights affected his forward view, Richard should have, as a precautionary measure, either reduced his speed or stopped his vehicle if the exigencies of the situation so required. He was a distance of two blocks away when Rush passed the stationary car, and we can think of nothing which should have obliterated his view thereof. This case bears no resemblance at all to Gaiennie v. Cooperative Produce Co., Inc., 196 La. 417, 199 So. 377, or Dodge v. Bituminous Casualty Corporation, 214 La. 1031, 39 So.2d 720. In both those cases the stationary vehicle was parked at an angle in the path of the plaintiff’s car. In the Gaiennie case the body of the truck extended but three or four feet onto the road and in the Dodge case only four or five feet of the rear portion of the truck rested in *164 the lane of traffic in which plaintiff was traveling.
In the instant case the stationary vehicle was parked squarely in the roadway and Richard should have had unobstructed vision thereof for a distance of two blocks, and we are at a loss to comprehend why he failed to see it sooner than he did unless, as he says, his headlights were so defective they did not cast a beam ahead more than 35 feet. He was clearly guilty of negligence which contributed to the accident.
Therefore, the judgment is affirmed.
Affirmed.