140 So.2d 775 (1962)
Charles S. RAMSEY et al., Plaintiffs-Appellees,
v.
Marlin L. LANGSTON et al., Defendants-Appellants.
No. 9689.
Court of Appeal of Louisiana, Second Circuit.
April 4, 1962.
Rehearing Denied May 9, 1962.
Certiorari Denied June 20, 1962.
*776 Bodenheimer, Looney & Richie, Shreveport, for appellants.
Lynch & Rogers, Shreveport, for intervenor-appellee.
Booth, Lockard, Jack, Pleasant & LeSage, Shreveport, for appellees.
Before HARDY, GLADNEY and BOLIN, JJ.
BOLIN, Judge.
This is a suit by husband and wife, individually and on behalf of two minor daughters, for the recovery of damages resulting from an automobile accident. Named as defendants were Marlin L. Langston, Arthur Cleo Lynch, Kenneth M. Wilburn, and by supplemental petition Canal Insurance Company as Langston's insurer. Southern Insurance Company, auto collision insurer for plaintiff, Ramsey, intervened for the amount paid for damages to the Ramsey vehicle. The trial court awarded judgment in solido against Langston and his insurer in the following amounts:

(a) Charles S. Ramsey, individually $2,920.13
(b) Mrs. Mary J. Ramsey, individually 1,000.00
(c) Charles S. Ramsey as natural tutor
 for the use and benefit of:
 (1) Sandra Ramsey 2,000.00
 (2) Mollie Kathline Ramsey 300.00

Judgment against the same defendants in favor of Southern Insurance Company in the stipulated amount of $998 was granted. From such judgments, Langston and Canal Insurance Company have appealed.
The accident occurred in De Soto Parish on U. S. Highway No. 171 on the night of October 25, 1960. Lynch and Wilburn had left their Chrysler automobile parked, without lights, partially in the east lane of the highway. Langston, driving a Ford automobile north, struck the parked vehicle and his car was thrown into the west lane in which Ramsey, accompanied by his wife and children, was driving his Chevrolet car south. The resulting collision caused the injuries for which recovery is sought.
Unquestionably, plaintiff is free of any fault or negligence. It is not disputed the operator of the parked Chrysler was negligent and the sole issue on appeal is whether Langston was also guilty of negligence which was a proximate cause of the accident. The defense is that Langston is free of negligence which would require a finding that the negligence of Lynch and Wilburn was the sole and proximate cause of the accident.
The evidence discloses the Ramsey automobile, travelling in its own lane in a southerly direction, had reached a point almost opposite the parked Chrysler at the moment the Langston car struck the Chrysler and bounced into the west traffic lane immediately in front of the Chevrolet so Ramsey had no time in which to avoid the collision. Ramsey testified he was driving forty-five miles per hour at the time of the accident.
Mr. Langston testified the weather was rainy and foggy. He said the bright lights of the Ramsey car together with the reflection *777 from the wet asphalt momentarily blinded him to the extent he did not see the parked car until he was within a car length of it; and was about 20 feet from the Ramsey Chevrolet when he first saw the Chrysler. Mr. Langston further stated he was travelling about forty-five or fifty miles per hour at the time of the accident. It was admitted by Langston the Chrysler was partially on the paved portion of the highway and Sgt. E. C. Clinton of the State Police stated the debris indicated the parked vehicle protruded about three feet onto the paved portion of the road. Sgt. Clinton further testified it was raining but he could see "all right".
Langston and his insurer contend he was not negligent in striking the parked car and the negligence of the driver who parked the Chrysler in such a manner was the sole and proximate cause of the accident.
LSA-R.S. 32:290 provides:
"Every vehicle operated upon a public highway in this State between one half hour after sunset and one half hour before sunrise, or at any other time when there is not sufficient light to render clearly discernible any person on the highway for a distance of two hundred feet ahead, shall be equipped with lighted front and rear lamps as required by this chapter for the different classes of vehicles, subject to the exemptions and conditions hereinafter prescribed."
The provisions of LSA-R.S. 32:291-315 establish the requirements and specifications for lighting equipment for various types of vehicles.
In construction and application of the predecessor of the present statute, the Supreme Court held in Louisiana Power & Light Co. v. Saia, 188 La. 358, 177 So. 238 (1937):
"In applying this provision of the statute, the courts have concluded that a motorist is held to have seen an object, which, by the use of ordinary care and prudence, he should have seen in time to avoid running into it, and that the driver of an automobile is guilty of negligence in driving at a rate of speed greater than that in which he could stop within the range of his vision." (Authorities cited.)
See also Washington Fire & Marine Ins. Co. v. Employers' Liability Assurance Corp. (Orl.App.1957) 94 So.2d 162; Gaines v. Hardware Mutual Cas. Co. (La.App. 1 Cir., 1956) 86 So.2d 218; Sedotal v. Fidelity & Casualty Company of New York (La. App. 1 Cir., 1954) 77 So.2d 153.
The above rule, however, is subject to an exception upon which appellants rely. This exception was expressed in Vowell v. Manufacturers Casualty Ins. Co., 229 La. 798, 86 So.2d 909 (1956) as:
"Our rule that a motorist traveling on the public highways after dark or during a rainstorm, fog, or other abnormal condition, which prevents him seeing ahead, except imperfectly, and for a short time and distance, must guard against striking objects in the road with which he may be suddenly confronted, constitutes an exception to the general rule that a motorist may assume that the road is safe for travel even at night. But that exception to the general rule is itself subject to the exception that a motorist traveling by night is not charged with the duty of guarding against striking an unexpected or unusual obstruction, which he had no reason to anticipate he would encounter on the highway. Jacobs v. Jacobs, 141 La. 272, 74 So. 992, L.R.A. 1917F, 253; Kirk v. United Gas Public Service Co., 185 La. 580, 170 So. 1."
However, a study of the authorities convinces us in determining whether a motorist is negligent in failing to observe a stationary vehicle obstructing the highway ahead, no hard and fast rule can be laid *778 down, but the surrounding circumstances and facts bearing on a particular case must be considered. Factors which have been taken into consideration in order to place a case under the exception may be denominated as: locality, position of the two vehicles, nature of construction and operation and effect of lighting equipment. An additional factor is the circumstance of reduced visibility. Moore v. State (La.App. 1 Cir., 1961) 136 So.2d 751; Lynch v. Fisher (La.App. 2 Cir., 1949) 41 So.2d 692.
Appellants cite numerous cases holding the overtaking motorist not negligent which they contend should be controlling here. Each of these cited cases is distinguishable from Louisiana Power & Light Co. v. Saia, supra, by some exceptional circumstance which was not present therein, nor is such a circumstance present in the instant case.
Recovery was allowed in Gaiennie v. Co-operative Produce Co., 196 La. 417, 199 So. 377 (1940) because of the court's conclusion that the vision of the driver was impaired by the lights of an oncoming car. The exceptional circumstance in Puissegur v. Louque (La.App. 1 Cir., 1959) 113 So.2d 795, was the factual finding of interference with vision by rain and the lights of an approaching automobile. In Peats v. Martin (La.App. 2 Cir., 1961) 133 So.2d 920, the exceptional circumstance was intermittently obscured vision and the construction of the vehicle, a loaded pulpwood truck, with which motorist collided.
In the instant case, the lower court concluded Langston was driving with his lights on high beam, or bright, to within 100 feet of the parked Chrysler and at that time the Ramsey car was approximately 200 feet away. The judge below stated:
"These lights should certainly have enabled him, even though the visibility was reduced on account of rain, to have seen the parked Chrysler if he had been keeping a proper lookout."
We are in agreement with this factual conclusion of our brother below. The record does not convince us the facts surrounding this accident constituted an exceptional circumstance sufficient to relieve Langston of negligence in colliding with the parked Chrysler and swerving into the lane of the approaching vehicle.
Plaintiffs have neither appealed nor answered the appeal and, therefore, the only issue as to the propriety of the awards granted is their excessiveness. As counsel for appellants has admitted in brief the awards were neither excessive nor inadequate, we see no necessity in discussing the issue of quantum.
For the reasons assigned, the judgment of the lower court is affirmed at appellants' cost.
Affirmed.