147 So.2d 416 (1962)
David C. SMITH, Plaintiff-Appellee,
v.
H. H. HENRY et al., Defendants-Appellants.
No. 9819.
Court of Appeal of Louisiana, Second Circuit.
November 29, 1962.
Rehearing Denied January 2, 1963.
Certiorari Denied February 8, 1963.
*417 Cotton & Bolton, Rayville, for appellants.
Ellis & Ellis, Rayville, for appellee.
Before HARDY, GLADNEY and BOLIN, JJ.
GLADNEY, Judge.
Plaintiff's action ex delicto seeks recovery for damages inflicted upon his pick-up truck which was struck from the rear by an automobile driven by James Henry, the nineteen year old son of H. H. Henry. At the time of the collision on November 11, 1961, about 10:00 P.M., plaintiff's vehicle was stopped temporarily facing east, about one-half of it being parked on the paved surface and one-half on the shoulder of U. S. Highway 80, close to plaintiff's Starlight Club, a few miles east of Rayville, Louisiana. Named defendants were H. H. Henry, owner of the automobile driven by his son, and the liability insurer, Southern Farm Bureau Casualty Insurance Company. Prior to trial proceedings against H. H. Henry were dismissed. The insurer answered, denying negligence on the part of James Henry and, as subrogee of H. H. Henry, reconvened for damages predicated upon the negligence of the plaintiff. Alternatively, the respondent charged contributory negligence. The plaintiff attempted unsuccessfully to obtain a judgment on the face of the pleadings. The case was tried on its merits and resulted in judgment for plaintiff, and the defendant has appealed.
On the night of the accident, the plaintiff David C. Smith, was requested by a patron of his night club to pull a car from a ditch and Smith obliged by using his pick-up truck. He then unfastened the chain connecting the two vehicles and drove his truck east along the highway a distance of about seventy-five yards in anticipation of turning his car to the north side of the highway and returning to the night club. While temporarily stopped on the south side of the highway, with approximately one-half of his truck on the shoulder and one-half on the pavement, he awaited the passage of several westbound cars. Just after two of these oncoming automobiles had passed and the third was approaching, the automobile driven by James Henry ran into the rear of the left side of plaintiff's truck, veered toward the north side of the highway and sideswiped *418 the oncoming westbound car, a taxicab driven by Sam Beaube. The Henry car finally came to rest on the south shoulder of the highway.
At the locus of the accident U. S. Highway 80 is an asphalt surfaced highway twenty-four feet in width with six foot shoulders. From that point it is straight and level for a considerable distance in both directions. Rain had been falling, but at the time of the collision had ceased and the highway and its shoulders were wet. Smith testified that prior to stopping he drove his car off the highway as far as he thought he could without getting stuck.
The primary issues raised upon the appeal are, first, whether or not James Henry was guilty of actionable negligence by reason of excessive speed and failure to maintain a proper lookout; and second, whether David C. Smith, the plaintiff, was guilty of actionable negligence and, alternatively, contributory negligence in stopping on the heavily traveled highway without displaying an appropriate rear light sufficient to warn approaching traffic, and in obstructing the traveled portion of the highway. It was also charged by plaintiff that James Henry was driving at an excessive rate of speed, was intoxicated, and that he could have avoided striking the Smith truck by turning his vehicle to the left. These latter charges are not made out by the evidence presented and do not merit further discussion.
The testimony of David C. Smith, Mrs. Isabel Nicholson, and C. R. Wilson was offered for the purpose of proving the rear light of the Smith truck was burning at the time of the collision. Some further evidence in this respect was given by J. H. Sartor and Frederick P. Mulhearn. James Henry and his companion, Margaret Antley, testified as to the speed of the Henry car and as to other facts relating to the collision. Trooper James D. Baker reported his investigation of the accident. Additional testimony was given by Sam Beaube, the driver of the taxicab.
Smith testified that at the time he extricated the car from the ditch immediately prior to the collision, he observed that the rear light on the truck, a single red light on the left, was burning. Mrs. Nicholson and C. R. Wilson, both employees of Smith, testified that they also observed from inside the club the rear light of the truck burning as he left to rescue the car in the ditch. Smith admitted that approximately one-half of his truck was on the surface of the highway while stopped waiting for the passage of the westbound cars. He also testified he used a flashlight with a red flare band as a signal for a left turn, and was holding it out of the window at the moment of impact. This was negated by James Henry, Margaret Antley and Sam Beaube, all of whom testified they did not see any such maneuver or flashlight and Trooper Baker stated that he did not see a flashlight after he arrived at the scene of the accident.
James Henry and Margaret Antley testified that immediately before observing the truck, Henry was driving at a rate of speed of fifty to fifty-five miles per hour and that his front headlights were turned on dim because of meeting traffic and each asserted the taillight on the truck was not visible. Miss Antley testified the truck was entirely on the paved surface of the highway. Henry said that when he first observed the truck in the highway he immediately applied his brakes in an effort to stop his vehicle, but without avail.
Trooper Baker, during his investigation, questioned Henry, Miss Antley and Smith, and afterwards filed charges against Smith, charging him with operating a motor vehicle on the highway without a taillight. The Trooper testified that the shoulders of the highway were wet from the rain and there was a possibility of plaintiff getting stuck had he pulled his vehicle farther off the highway. However, he stated there were several nearby places on the highway where plaintiff could have turned his vehicle without blocking the traveled portion of Highway 80.
*419 Counsel for appellant urges that the testimony of Isabel Nicholson and C. R. Wilson should be discredited, first, because neither was in a position from which they could observe the taillight, and further, because of the elapsed time between their observation and the collision. The rear light of the truck was crushed in the impact. Mulhearn and Sartor testified that a day or so after the accident they inserted a new bulb in the socket of the damaged light and the bulb burned, indicating that the wiring was still intact. Counsel contends that this evidence has but little, if any, probative value.
We have concluded that the trial court erred in not sustaining the plea of contributory negligence which is predicated on the violation by plaintiff of LSA-R.S. 32:241(A), with reference to stopping a vehicle on the highway. This provision reads:
"No person shall park any vehicle, attended or unattended, upon the main traveled portion of any highway, outside of a business or residence district, when it is practicable to park it off the main traveled portion of the highway. In no event shall any person park a vehicle, attended or unattended, upon a highway unless an unobstructed width of not less than fifteen feet upon the main traveled portion of the highway opposite such parked vehicle is left free for passage of other vehicles, nor unless a clear view of such vehicle exists from a distance of at least two hundred feet in each direction upon the highway. Even then, if such vehicle is left parked, attended or unattended, one half hour after sunset or one half hour before sunrise, the person parking it shall display appropriate signal lights thereon, sufficient to warn approaching traffic of its presence."
Although counsel for appellant urges error by the court a qua in rejecting the positive testimony of Henry and Miss Antley that an appropriate signal light was not displayed on the rear of the truck, we are not disposed to fully accept this contention. However, careful consideration of all circumstances related to the accident impels us to find Smith was negligent in blocking three feet or more of the travel lane for eastbound vehicles. These circumstances, established by uncontradicted testimony, show that although it was not raining at the moment, the black asphalt was wet, it was abnormally dark, the lights of the taxicab which he was meeting imposed upon Henry's vision a darkened area about the truck, and seriously affected his ability to observe the position or location of the truck with reference to the south traffic lane. Smith knew U. S. Highway 80 in the vicinity of Rayville was well traveled and he was in a position to see at least three vehicles approaching from the west, and possibly the Henry car coming from the rear. These things were known to, or should have been recognized, by him before deciding to stop. The trial judge undoubtedly concluded that the taillight on the truck was burning at the time of the collision. This fact does not necessarily imply Henry and Miss Antley could have seen it. Due to the adverse conditions which permitted only imperfect vision, these witnesses could have been properly observant without being able to see the truck.
There was no compulsion for Smith to stop and block the public highway where he did. The place was selected for convenience only and was obviously more conducive to danger than several other nearby places as indicated in the testimony of Trooper Baker. Except as excused by LSA-R.S. 32:241, and because of necessity, a motorist who parks his automobile upon the public traveled part of a highway is prima facie a violator of the law, and to avoid liability for damage resulting therefrom, it is incumbent upon him to show affirmatively that it was necessary for him to so park it at that time and place. It may be negligence to stop temporarily on a highway when it is not necessary to do so. See: Blashfield, Cyclopedia of Automobile Law and Practice, Vol. 2A, Sec. 1191. In Vowell v. Manufacturers Casualty Insurance *420 Company, 229 La. 798, 86 So.2d 909 (1956), the Supreme Court recognized and applied the rule that a motorist traveling by night is not charged with the duty of guarding against striking an unexpected or unusual obstruction, which he had no reason to anticipate he would encounter on the highway, citing Jacobs v. Jacobs, 141 La. 272, 74 So. 992, L.R.A.1917F, 253 (1917); Kirk v. United Gas Public Service Co., 185 La. 580, 170 So. 1 (1936); Gaiennie v. Cooperative Produce Company, Inc. et al., 196 La. 417, 199 So. 377 (1940); Dodge v. Bituminous Casualty Corporation, 214 La. 1031, 39 So.2d 720 (1949). See also Puissegur v. Louque, La.App., 113 So.2d 795, (1st Cir. 1959) and Peats et ux. v. Martin et al., La.App., 133 So.2d 920 (2d Cir. 1961).
Counsel for plaintiff seriously contends that the facts in the case indicate that James Henry was guilty of actionable negligence and reliance is placed upon the authority of Bernstein v. Cathey & Carrell Truck Lines, La.App., 32 So.2d 403 (2d Cir. 1947); Mouton v. Pacific Indemnity Company, La. App., 102 So.2d 563 (1st Cir. 1958); and Ramsey v. Langston, La.App., 140 So.2d 775 (2d Cir. 1962). These authorities are not controlling for their facts are materially different from those disclosed in the instant case. In Bernstein v. Cathey & Carrell Truck Lines the plaintiff motorist was denied recovery when he drove his automobile into a trailer truck parked with the truck partially on plaintiff's side of the street facing in the direction from which the plaintiff was approaching. The front lights of the truck were burning and clearly visible to any one giving proper attention. Mouton v. Pacific Indemnity Company presented a case where a motorist drove into the rear of a tractor. In allowing recovery by the owner of the tractor, the court held that the proximate cause of the accident was the motorist's heedless approach and failure to maintain a proper lookout as the tractor was discoverable by the exercise of due care because plaintiff was attempting to signal with a flashlight. Ramsey v. Langston held a motorist negligent where, while driving at night with his lights on high beam, he struck an automobile parked partly on the highway.
It is our conclusion that under the facts disclosed in this case, the plaintiff, Smith, was guilty of contributory negligence through violation of LSA-R.S. 32:241(A), and the trial court was in error in failing to sustain the plea of contributory negligence. Accordingly, the judgment from which appealed is reversed, annulled and set aside, and it is ordered that plaintiff's demands be rejected at his cost.
It is further ordered that the demands of defendant in reconvention be denied.