LANDRY, Judge.
Plaintiff, Travis P. Hernandez, has taken this appeal from the judgment of the trial court rejecting his demands against one of the defendants and his insurer for damages occasioned ‘ plaintiff’s automobile in a three car collision.
The accident in question occurred at the intersection of Scenic Highway and Lorraine Street, Baton Rouge, Louisiana, at *924 approximately 11:00 P.M., October 22, 1960. Scenic Highway is 'a four-lane paved highway running in a northerly-southerly direction and provides two lanes of travel for north and southbound motorists alike. Lorraine Street intersects Scenic Highway from the east, the two thoroughfares forming what is commonly referred to as a “T intersection” considering Lorraine Street ends at Scenic Highway and does not extend or project beyond Scenic Highway which is the superior roadway.
Immediately preceding the accident the three vehicles involved therein were all proceeding northerly along Scenic Highway in the left or inside northbound lane of travel. The lead vehicle, owned by one Russell J. Williams and being driven by defendant, Gerald J. Ayo, stopped at the intersection in the left or inside northbound lane preparatory to making a prohibited “U-turn” in order to reverse or change his direction of travel and proceed southerly along Scenic Highway. Plaintiff, following behind Ayo brought his vehicle to a stop behind Ayo in the left or inside northbound lane and while thus stopped plaintiff’s automobile was struck from the rear by an. automobile belonging to and operated by one James H. Smith who was following behind plaintiff. The force of the impact propelled plaintiff’s vehicle against the car ahead resulting in damages to both the front and rear of plaintiff’s automobile.
The learned trial court rendered judgment in favor of plaintiff against Smith by default but rejected and dismissed plaintiff’s demands against defendants Ayo and Pan American Fire and Casualty Co., liability insurer of the vehicle being driven by Ayo-. From the judgment rejecting his demands as against defendants Ayo and Pan American Fire and Casualty Co., plaintiff has appealed. No appeal has been entered on behalf of defendant Smith.
There is absolutely no dispute whatsoever between appellant and appellees regarding the facts and circumstances of the instant matter. The uncontested events giving rise to this litigation (insofar as concerns appellant’s case against appellees, Ayo and Pan American Fire & Casualty Co.) were adduced wholly by an agreed statement of facts which we herein set forth in full as follows:
“AGREED STATEMENTS OF FACTS
“It is stipulated between counsel for plaintiff and counsel for Pan American Fire & Casualty Company and Jerald J. Ayo as follows:
“1.
“The accident sued on occurred on. October 22, 1960, at about 11:30 P. M. on Scenic Highway at the intersection with Lorraine Street in Batons Rouge, Louisiana.
“2
“Lorraine Street intersects Scenic Highway from the east but does not go through Scenic Highway, the intersection being a ‘T’ intersection. Scenic Flighway at this point has two-lanes for northbound traffic and two-lanes for southbound traffic.
“3.
“Jerald Ayo was driving an automobile owned by Russell J. Williams, in a northerly direction on Scenic in. the inside lane of traffic. He stopped the car at the intersection for the purpose of turning into the southbound traffic lane to go back south on Scenic Highway, this being a ‘U’ turn maneuver.
“4.
“While Ayo was stopped, and before he had started into this turning maneuver, plaintiff, driving his automobile north on Scenic in the same *925 lane, stopped his car behind the Ayo car to wait for Ayo to make his turn.
“5.
“While these two cars were stopped, James H. Smith, who was also driving north on Scenic in the inside lane, did not stop and collided with the rear of plaintiff’s car, driving plaintiff’s car into the rear of the Ayo car.
“6.
“Section 89 of the Traffic Code for the City of Baton Rouge prohibits ‘U’ turns in the area where this accident occurred.
“7.
“Plaintiff’s automobile was damaged as a result of this accident to the extent of $445.94.
“8.
“At the time of the accident, Ayo was insured against liability for property damage by Pan American Fire & Casualty Company.”
We deem of considerable significance the fact that the sole act of negligence charged against defendant Ayo is his alleged negligence in stopping to make an illegal U-turn. It is not contended Ayo made a sudden stop creating an emergency situation or that he was driving without lights or failed to give proper signal of his intention to stop or make a left turn. In substance plaintiff contends defendant Ayo was attempting a U-turn in violation of a municipal ordinance and had he not attempted such illegal maneuver the accident would not have occurred. In essence learned counsel for appellant contends our esteemed brother below erred in failing to hold the negligence of defendant Ayo in stopping to make an illegal U-turn was the proximate cause of the accident.
In support of appellant’s asserted right of recovery able counsel for appellant cites numerous authorities to the effect a left turn or U-turn has repeatedly been held to be extremely hazardous and therefore must be attempted by a motorist with extreme care and only when the way is clear and such maneuver may be accomplished without danger to either approaching or overtaking traffic.
While we are thoroughly in accord with the principle relied upon by counsel for appellant and have ourselves applied the rule on innumerable occasions, it is at once apparent, from the foregoing statement of facts upon which this matter was submitted, we are not herein confronted with the normal left turn or U-turn case. According to the agreed stipulation of facts appearing of record herein (by which we are bound considering the case against appellees is predicated solely thereon), it is clear beyond all doubt Ayo was stopped in the left or inside northbound lane of travel and had not yet commenced his intended turn at the time of impact. The improper U-turn which it was his admitted intention to execute remained at the time of collision, a mere mental determination or proposed action. The stop of itself constituted no violation of the prohibitory U-turn ordinance relied upon by appellant.
We are of the opinion the case at bar must turn upon the issue of whether, under the circumstances shown, Ayo was guilty of negligence in stopping in the left or inside lane of travel on a four-lane street and, if so, whether such negligence was a proximate cause of the accident which ensued.
In view of the circumstances attending the instant case we believe Tyler v. Marquette Casualty Company, La.App., 79 So.2d 376, and the other authorities cited by counsel for appellant (dealing with left turning vehicles), inapposite to the case at bar considering defendant Ayo was not in the act of making a left turn when the collision occurred. On the contrary the innumerable cases dealing with left *926 turn accidents clearly imply that a driver intending a left turn must stop and wait until execution of the maneuver may he accomplished without either danger to or undue interference with both approaching and overtaking traffic. Had a left or U-turn been permissible at the intersection in question it seems clear from the stipulation the action of Ayo in stopping to await a safe opportunity to complete his intended turn would not have amounted to negligence but rather would have been in perfect accord with the rule relied upon by counsel for appellant.
We concede our agreement with the principle established in Smith v. Henry, La.App., 147 So.2d 416, to the effect a motorist may be negligent in temporarily stopping upon a highway when it is not necessary to do so. It does not follow, however, that a motorist is negligent per se in stopping on a street for his personal convenience or for any other reason, in the absence of an ordinance prohibiting temporary stopping, unless of course, in so doing he creates a situation dangerous to other motorists proceeding lawfully upon the highway as for example was found in Smith v. Henry, La.App., 147 So.2d 416.
There appears in the record certain testimony elicited from plaintiff in support of the default judgment rendered below against defendant Smith. The testimony to which reference is made tends to show the existence of attending circumstances from which it might reasonably be inferred an unnecessary and unwarranted stop by Ayo was dangerous and therefore amounted to negligence. The record is clear, however, the testimony was adduced by plaintiff-appellant solely in connection, with confirmation of the default against Smith. The discussion between opposing counsel (as appears from the record) with respect to introduction of the testimony in question, leaves the distinct impression it was intended by both sides the evidence of plaintiff was limited and restricted solely to plaintiff’s claim against Smith. Counsel for appellant clearly indicated the evidence was offered as against Smith only. Recognizing the limitation, counsel for ap-pellees conceded he was without right to cross-examine plaintiff and declined to do so upon the witness being tendered by counsel for appellant. In addition, the comments of the trial court appearing of record further the conclusion the testimony of plaintiff was to have no bearing upon the case against appellees herein.
It is an elementary rule of law that negligence is a question of fact to- be decided in the light and circumstances of each particular case. Bush v. Bookter, La.App., 47 So.2d 77; Bergeron v. Greyhound Corp., La.App., 100 So.2d 923; Simmons v. Chuck’s Inc., La.App., 113 So.2d 309; Wiley v. Sutphin, La.App., 108 So.2d 256.
It is equally well established jurisprudence that negligence, if any, to be actionable, must be a proximate cause of the injuries for which plaintiff seeks recovery. Day v. National U. S. Radiator Corporation, 241 La. 288, 128 So.2d 660; Hoyt v. Amerada Petroleum Corp., La.App., 69 So.2d 546; Adams v. Great American Indemnity Company, La.App., 116 So.2d 307.
Also applicable to the present case is the rule that in a damage suit the burden of proof is on the plaintiff (Tadin v. New Orleans Public Service, Inc., 226 La. 629, 76 So.2d 910; McCandless v. Southern Bell Tel. and Tel. Co., 239 La. 983, 120 So.2d 501) who must prove his case by a reasonable preponderance of the evidence (Morris v. Vining, La.App., 49 So.2d 458).
From the stipulation upon which this matter was submitted, the conclusion is inescapable that Ayo made a normal and safe stop. Not only is the record devoid of evidence to the contrary it is also barren of testimony to establish that *927 attending traffic conditions made a normal stop dangerous to overtaking motorists proceeding lawfully upon the highway. Accepting the evidence as presented herein, we must next find that after defendant Ayo brought his vehicle to a safe, normal stop, plaintiff also stopped behind Ayo without incident and while both vehicles were thus stopped, Smith through his own intervening negligence and inattention ran into the rear of plaintiff’s vehicle. It appears obvious the same result would have occurred even assuming defendant Ayo had made a stop for some emergency which obstructed his path or imperiled his further travel.
Under the facts stipulated we find the negligence of Ayo, if any, was the remote rather than proximate cause of the accident and further that the sole proximate cause of the damage sustained by plaintiff-appellant was the negligence of Smith in running into the rear of appellant’s-stationary automobile.
Affirmed.