KING, P.J., for the Court:
¶ 1. Cheryl Beard was convicted in the Lowndes County Circuit Court of aggravated driving under the influence and was sentenced to a term of fifteen years in the custody of the Mississippi Department of Corrections. On appeal, Beard has raised the following issues: (1) whether the trial court erred in refusing to grant her proposed jury instructions on reasonable doubt and (2) whether the verdict was supported by the evidence. Finding no reversible error, we affirm.
FACTS
¶ 2. On September 5,1997, Cheryl Beard sought medical assistance for a headache and was prescribed fiorpap, a mild narcotic pain reliever also known as butalbital, often prescribed for migraine headaches. Beard had the prescription filled at about 3 o’clock that afternoon and immediately took one of the tablets. Later that afternoon, following an argument with her husband, Beard left her home and went to the home of a friend.
*552 ¶ 3. While at the friend’s home and without having eaten anything the entire day, Beard took another fiorpap tablet at approximately 8:00 p.m. and a half hour later consumed a twelve-ounce can of beer. At around midnight, Beard drank a second twelve-ounce can of beer and shortly thereafter, part of a third can of beer. Some time prior to 4:00 a.m. Beard gave several individuals in attendance at the friend’s home a ride home. While headed to her home, Beard stopped at a convenience store and bought a sandwich and a soft drink. The store clerk testified that Beard appeared to be “high.”
¶ 4. At approximately 4:00 a.m. Beard, who was north bound on Highway 45 in Lowndes County, drove her pickup truck into the south bound lane of Highway 45 and struck head-on, an automobile driven by Rev. Isaac Richardson. An accident reconstructionist testified that the physical evidence at the scene indicated that Beard made no attempt to brake prior to the collision, while there were visible skid marks where Rev. Richardson tried in vain to avoid the collision. Traveling with Rev. Richardson were his wife, Jeanice, and Rev. Isaac Lacy and his wife, Lillie Pearl. Both Rev. Richardson and Rev. Lacy died of the injuries received in the collision. Mrs. Richardson and Mrs. Lacy each sustained severe injuries. Beard also sustained severe injuries in the collision.
¶ 5. Several law enforcement officers and other emergency personnel who assisted at the scene of the accident testified that Beard smelled of an alcoholic beverage. Three beer cans were found in Beard’s truck. One can was empty, one had not been opened and the third while closed, was crushed during the collision. A blood sample taken two hours after the accident showed that Beard had a blood alcohol level of .06 percent. That sample also revealed the presence of butalbital (fiorpap). The State’s toxicology expert testified that the combination of alcohol and butalbital placed Beard under the influence. He testified that a blood sample drawn some two hours after the collision, which showed a blood alcohol level of .06 percent, meant that Beard’s blood alcohol level at the time of the collision would have been .09 percent at its lowest and .10 percent at its highest.
¶ 6. The pharmacist who filled Beard’s fiorpap prescription testified that he advised Beard, both verbally and in writing, as follows: “Avoid activities requiring alertness while taking this medication since it can cause dizziness, drowsiness or blurred vision. To prevent over sedation avoid using alcohol and other sedative type medications while taking this." Beard, a licensed practical nurse, admitted that she was aware of the side effects of the drug. She acknowledged having taken this medication periodically for at least two years prior to the accident, and having an awareness of the dangers of taking the medication on an empty stomach and in combination with alcohol. She attributed her carelessness and laxity to marital difficulties.
ISSUES AND ANALYSIS
1. Whether the trial court erred in refusing jury instructions D-2 and D-3.
¶ 7. The trial court refused to grant instructions D-2 and D-3. Those instructions read as follows:
Instruction D-2
The Court instructs the Jury that the doctrine of reasonable doubt is an essential, substantial part of the law of the land, and that it is binding upon the jury in this case; and under law, it is the duty of the Jury to consider all of the testimony in the case fairly and impartially in reaching your verdict; and if *553 after such fair and impartial consideration of the testimony in the case, the minds of the Jury are left in a state of uncertainty as to the guilt of the Defendant, and there arises out of the evidence or from the want of evidence, a reasonable doubt of the existence of a single material fact upon which the guilt of the Defendant depends, then it is the law, that it is the duty of the Jury in such case to give the Defendant the benefit of that doubt and to find him not guilty.
Instruction D-3
The Jury is bound to give the Defendant the benefit of a reasonable doubt of guilt that arises either from the whole of evidence, conflicts in evidence, or the lack of evidence in this case.
Mere probability of guilt will not sustain a guilty verdict. It is only when the jury is able to say on your oaths that the Defendant is guilty beyond a reasonable doubt that the law will allow you to return a verdict of guilty. You might believe that it is probable that the Defendant is guilty but unable to say beyond a reasonable doubt that the Defendant is guilty; and in such event, your sworn duty is to return a verdict of not guilty.
¶ 8. These instructions were refused on the ground that they were argumentative. Beard cites Simpson v. State, 497 So.2d 424 (Miss.1986), as authority for her contention that instruction D-2 should have been granted. Simpson involved an instruction identical to D-2 which the prosecution objected to on the ground that it was an improper attempt to define reasonable doubt. The prosecutor at Beard’s trial made the same objection to D-2. The trial court in Simpson refused to grant the instruction on the ground that it was repetitive. Simpson, 497 So.2d at 429. On appeal, the Mississippi Supreme Court held that the instruction was appropriate and was not an improper attempt to define reasonable doubt, but affirmed the trial court’s refusal to grant the instruction on the ground that it was repetitive. Id. at 430. Beard contends that allowing the instruction in her case would not have resulted in the same degree of repetitiveness as was found in Simpson; therefore, its denial constituted reversible error.
¶ 9. In determining whether reversible error lies in the granting or refusal of various instructions, the instructions actually given must be read as a whole. When so read, if the instructions fairly announce the law of the case and create no injustice, no reversible error will be found. Fielder v. Magnolia Beverage Co., 157 So.2d 925, 929 (Miss.1999).
¶ 10. A careful review of the record reveals that at least three of the instructions that were given at Beard’s trial dealt with reasonable doubt. Had instructions D-2 and D-3 been granted, they would have been cumulative on the matter of reasonable doubt. Having read the instructions that were given, we find that they adequately instructed the jury on the law of the case and created no injustice; therefore, the failure to grant instructions D-2 and D-3 did not constitute reversible error. Fielder, 757 So.2d at 929.
2. Sufficiency of the evidence.
¶ 11. It is Beard’s contention that the evidence presented at trial is legally insufficient to support the verdict. This Court’s standard of review on challenges to the sufficiency of the evidence requires that we consider all of the evidence in a light most favorable to the verdict. Collier v. State, 711 So.2d 458, 461 (Miss.1998). However, matters regarding the weight and credibility of the evidence are to be resolved by the jury and this Court may reverse only where, with respect to one or more of the elements of the offense charged, the evidence is such that reasonable and fair-minded *554 jurors could only find the accused not guilty. Id.
¶ 12. Having considered all of the evidence in the light most favorable to the verdict, we find that it was more than adequate to support this verdict. Furthermore, we are not persuaded that with respect to any of the elements of the offense charged, the evidence is such that reasonable and fair-minded jurors could only find Beard not guilty.
¶ 13. THE JUDGEMENT OF THE CIRCUIT COURT OF LOWNDES COUNTY OF CONVICTION OF AGGRAVATED DRIVING UNDER THE INFLUENCE AND SENTENCE OF FIFTEEN YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
McMILLIN, C.J., SOUTHWICK, P.J., PAYNE, BRIDGES, THOMAS, LEE, IRVING, MYERS and CHANDLER, JJ., concur.