LEE, P.J.,
for the Court:
PROCEDURAL HISTORY
¶ 1. Yalanda Johnson was found guilty in the Lincoln County Circuit Court of aggravated assault. Johnson was sentenced to ten years in the custody of the Mississippi Department of Corrections, with seven years suspended, three years to serve, and five years of supervised probation. Johnson was also ordered to pay a $2,500 fine and $250 in restitution. Johnson filed a motion for a judgment notwithstanding the verdict (JNOV) or, in the alternative, a new trial, which was denied by the trial court. Johnson now appeals her conviction, alleging the following errors: (1) the trial court substantively amended the indictment; (2) the evidence was insufficient to support the verdict; and (3) the verdict is against the overwhelming weight of the evidence.
¶ 2. Finding no error, we affirm.
FACTS
¶ 3. Charity Plaisance, an area supervisor for Speedee Cash, received information that Johnson, an employee of the Speedee Cash in Brookhaven, Mississippi, had stolen office equipment and written loans to family members without supervisor approval. On April 17, 2008, Plaisance confronted Johnson at the Brookhaven store, and the situation escalated after Johnson denied having violated company policy. Johnson began shouting at Plaisance, who backed away and fell to the floor between a desk and the wall. While Plaisance was on the floor attempting to shield herself, Johnson hit Plaisance in the back of the head several times with a plastic telephone receiver. Plaisance’s head also hit a neon sign hanging in the store window. The parties disputed whether Johnson deliberately pushed Plaisance into the sign or whether Plaisance’s head hit the sign as she backed away from Johnson.
¶ 4. While Plaisance was still on the floor, Johnson called and told her mother that she would need to be picked up from jail because she had just beaten her supervisor. When the police and medical assistance arrived, Plaisance was taken to the hospital and treated for her injuries. She sustained a bruise on her arm and two head lacerations that required four staples *1206 each. Johnson did not require medical treatment and was taken into custody.
DISCUSSION
I. INDICTMENT
¶5. Johnson was indicted for aggravated assault under Mississippi Code Annotated section 97-3-7 (Rev.2006). The indictment did not state under which subsection the charge of aggravated assault was brought; however, the State specified that it was proceeding under section 97-3-7(2)(a). Johnson argues that the trial court erred by indirectly amending the indictment during trial to allow the State to proceed under section 97-3-7(2)(b) rather than section 97-3-7(2)(a).
¶ 6. A trial court may not alter the substance of the charge against the defendant by directly or indirectly amending the indictment. Rushing v. State, 753 So.2d 1136, 1146 (¶ 47) (Miss.Ct.App.2000) (citing Quick v. State, 569 So.2d 1197, 1199 (Miss. 1990)).
¶ 7. Johnson’s indictment stated that she “did wilfully, unlawfully, and feloniously attempt to cause serious bodily injury to [Plaisance] by beating her about the head with a telephone and slamming her head against a hard object, contrary to and in violation of [sjection 97-3-7.... ”
¶ 8. Section 97-3-7(2) states:
A person is guilty of aggravated assault if he (a) attempts to cause serious bodily injury to another, or causes such injury purposely, knowingly or recklessly under circumstances manifesting extreme indifference to the value of human life; or (b) attempts to cause or purposely or knowingly causes bodily injury to another with a deadly weapon or other means likely to produce death or serious bodily harm....
¶ 9. During her motion for a directed verdict, Johnson argued that the State had failed to prove she was guilty of aggravated assault under section 97-3-7(2)(a). In denying the motion, the trial court stated: “the injuries which were sustained by Ms. Charity Plaisance have been testified to, and it is within the province of the jury to determine whether or not the telephone was a sufficient bludgeoning instrument....” The following exchange then took place between the trial court and Johnson’s attorney:
BY [JOHNSON’S ATTORNEY]: Your Honor, are you then changing the Indictment from a 2(a) to a 2(b) Indictment? Because it was our understanding that the State was pursuing it as a 2(a) Indictment, not a 2(b)....
BY THE COURT: I’m not changing the Indictment to anything....
The trial court also questioned the State as to which subsection that it was proceeding under, and the State responded subsection 2(a).
10. Johnson argues that despite the trial court’s statement that it was not altering the indictment, the statement that the jury must decide if “the telephone was a sufficient bludgeoning instrument” showed that the trial court was requiring proof under section 97-3-7(2)(b) — assault “with a deadly weapon.” Johnson argues that as a result of the trial court’s statement, jury instruction nine was erroneously proposed by the defense and granted by the trial court. Jury instruction nine states: “It is a question of fact for you to determine whether the telephone receiver and/or the neon sign casing, claimed to have been used by Yalanda Johnson, constituted a means likely to produce death or serious bodily harm.” As this instruction was proposed by Johnson, we must note that “[i]t is a familiar rule of law that one may not complain of his own instruction.” *1207 Caston v. State, 823 So.2d 473, 508 (¶ 121) (Miss.2002) (quoting Hall v. State, 420 So.2d 1381, 1386 (Miss.1982)).
¶ 11. Johnson proposed jury instruction nine and cannot now complain that the trial court erred in granting the instruction. Nevertheless, we find that any possible confusion caused by jury instruction nine was remedied by the State’s aggravated-assault instruction, which followed the language of section 97-3-7(2)(a). Also, an instruction was given on the meaning of “serious bodily injury,” which is an element of section 97 — 3—7(2)(a).
¶ 12. When reviewing a trial court’s decision regarding the denial or granting of jury instructions, “the instructions actually given must be read as a whole.” Beard v. State, 795 So.2d 551, 553 (¶ 9) (Miss.Ct.App.2001). “When so read, if the instructions fairly announce the law of the case and create no injustice, no reversible error will be found.” Id. (quoting Fielder v. Magnolia Beverage Co., 757 So.2d 925, 929 (¶ 10) (Miss.1999)). We find that when taken as a whole, the jury instructions followed the indictment and fairly announced the law of the case. This issue is without merit.
II. LEGAL SUFFICIENCY OF THE EVIDENCE
¶ 13. Johnson next argues that the trial court erred in denying her motion for a JNOV because the State failed to prove the elements of aggravated assault. “[I]t is a fundamental principle of law that jury verdicts will not be disturbed except under the most dire of circumstances.” King v. State, 798 So.2d 1258, 1261 (¶ 12) (Miss.2001) (citing Manning v. State, 735 So.2d 323, 333 (¶ 10) (Miss.1999)). For this Court to uphold the denial of a motion for a JNOV, the evidence must show “beyond a reasonable doubt that [the] accused committed the act charged, and that he did so under such circumstances that every element of the offense existed; and where the evidence fails to meet this test it is insufficient to support a conviction.” Bush v. State, 895 So.2d 836, 843 (¶ 16) (Miss. 2005). In determining whether a conviction has sufficient support, the evidence is considered in the light most favorable to the State. King, 798 So.2d at 1261 (¶ 12). If a rational trier of fact could have found, beyond a reasonable doubt, that the essential elements of the crime existed, the verdict will be beyond the court’s authority to disturb. Id.
¶ 14. Plaisance testified that Johnson pushed her head into a neon sign hanging in the window and hit her multiple times in the back of the head with a telephone receiver. The jury also heard testimony that Johnson sustained no injuries, while Plaisance required medical attention for injuries to both her head and arm. A rational trier of fact, viewing this evidence in the light most favorable to the State, could have found beyond a reasonable doubt that Johnson was guilty of committing all the elements set forth in section 97-3-7(2)(a). Therefore, this issue is without merit.
III. WEIGHT OF THE EVIDENCE
¶ 15. Johnson argues that the trial court erred in denying her motion for a new trial because the evidence did not support the jury’s verdict of aggravated assault. She argues that, at the most, the evidence supported a conviction of simple assault.
¶ 16. “When reviewing a denial of a motion for a new trial based on an objection to the weight of the evidence, we will only disturb a verdict when it is so contrary to the overwhelming weight of the evidence that to allow it to stand would *1208 sanction an unconscionable injustice.” Bush, 895 So.2d at 844 (¶ 18).
¶ 17. Viewing the evidence in the light most favorable to the verdict, we find the verdict is not against the overwhelming weight of the evidence. At trial, Johnson admitted that after Plaisance confronted her about the alleged violations of company policy, she began yelling at Plai-sance. Johnson further admitted she hit Plaisance in the back of the head with a telephone receiver. The parties disputed the number of times Johnson hit Plai-sance. Johnson testified that she only hit Plaisance once or twice and that she was not seriously trying to injure Plaisance. Plaisance, however, testified that she was hit approximately six times.
¶ 18. The jury received instructions on aggravated assault, simple assault, and self-defense; and the testimony at trial presented a factual dispute for the jury to resolve. It is the jury’s duty to weigh a witness’s credibility and to resolve questions of fact. Davis v. State, 866 So.2d 1107, 1112 (¶ 17) (Miss.Ct.App.2008). Looking at the evidence in the light most favorable to the verdict, we cannot find that allowing the jury’s verdict to stand would sanction an unconscionable injustice. Accordingly, this issue is without merit.
¶ 19. THE JUDGMENT OF THE LINCOLN COUNTY CIRCUIT COURT OF CONVICTION OF AGGRAVATED ASSAULT AND SENTENCE OF TEN YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS, WITH THREE YEARS TO SERVE, SEVEN YEARS SUSPENDED, AND FIVE YEARS OF SUPERVISED PROBATION AND TO PAY A $2,500 FINE AND $250 TO THE MISSISSIPPI CRIME VICTIMS’ COMPENSATION FUND, IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO LINCOLN COUNTY.
KING, C.J., MYERS, P.J., IRVING, GRIFFIS, BARNES, ISHEE, ROBERTS AND MAXWELL, JJ., CONCUR. CARLTON, J., CONCURS IN RESULT ONLY.