HIGGINS, Justice.
 

 This is an action ex delicto to recover property damages alleged to have been sustained as a result of the plaintiff’s Chevrolet coach running into the parked and unlighted truck and trailer of the defendants on U. S. Highway 90, above the town of Westwego, .in Jefferson parish, about 8 o’clock p. m., August 20, 1934.
 

 The defendants filed exceptions of no right or cause of action on the ground that it affirmatively appeared from the allegations of the petition that the plaintiff’s employee was guilty of contributory negligence, because the sole and only reason assigned for not seeing the parked truck and trailer was that “it was quite dark.”
 

 The district judge .sustained the exceptions and dismissed the suit, and the plaintiff appealed. The Court of Appeal affirmed the judgment. 173 So. 537. Plaintiff applied to this court for a writ of cer-tiorari, which was granted, and the matter is now before us for review.
 

 The charge of negligence against the defendants is that the truck and trailer were
 
 not
 
 parked as near as possible to the right side of the road and were left there without being lighted, contrary to the dictates of common prudence and the provisions of the public highway statute of this state; that although the petition further states that the plaintiff’s driver was exercising due care in observing the highway ahead of him, and was in no way negligent, he was unable to and did not see the unlighted truck and trailer in time to avoid striking it.
 

 The plaintiff contends that the plea of contributory negligence is one that must be interposed by the defendants and supported by evidence to show that plaintiff was guilty of contributory. negligence. This is unquestionably the usual rule or procedure, but where the plaintiff alleges
 
 *361
 
 facts affirmatively showing that he was guilty of contributory negligence, the defendant may raise the issue by exceptions of no right or cause of action. Arbo v. Schulze et al. (La.App.) 173 So. 560; Sizemore v. Yazoo & M. V. R. Co. (La.App.) 164 So. 648; Flotte v. Thomas Egan’s Sons, Inc. (La.App.) 134 So. 428; Gibbs v. Illinois C. R. R. Co., 169 La. 450, 125 So. 445; Vappi v. Morgan’s Louisiana & T. R. & S. S. Co. et al., 155 La. 183, 99 So. 31; Chargois v. Morgan’s Louisiana & T. R. & S. S. Co., 148 La. 637, 87 So. 499. See, also, Aymond v. Western Union Tel. Co., 151 La. 184, 91 So. 671, and 20 R.C.L., 182.
 

 Act No. 21 of 1932, § 9, subd. (g) 1, the State Highway Regulatory Act, requires every vehicle operated on the public highways of the state between one-half hour after sunset and one-half hour before sunrise to be equipped with burning headlights of sufficient strength to make clearly discernible any person on the highway for a distance of 200 feet ahead.
 

 In applying this provision of the statute, the courts have concluded that a motorist is held to have seen an object, which, by the use of ordinary care and prudence, he should have seen in time to avoid running into it, and that the driver of an automobile is guilty of negligence in driving at a rate of speed greater than that in which he could stop within the range of his vision. O’Rourke v. McConaughey (La.App.) 157 So. 598-606; Hutchinson v. James & Co. (La.App.) 160 So. 447; Sexton v. Stiles, 15 La.App. 148, 130 So. 821, 828; Blahut v. McCahil (La.App.) 163 So. 195; Goodwin v. Theriot (La.App.) 165 So. 342; Waters et al. v. Meriwether Transfer Co., 18 La.App. 18, 137 So. 578.
 

 It does not appeár from the record that the plaintiff at any time offered an amendment to its petition to explain that there were any unusual circumstances which might have puzzled and confused the driver, as a prudent and careful operator, and prevented him from seeing the parked vehicle. Plaintiff was apparently content to rest its case upon the allegations of its original petition.
 

 It is our opinion that the plaintiff’s petition affirmatively alleges facts showing that its employee was guilty of contributory negligence, because the single and solitary reason assigned for not seeing or discovering the presence of the truck and trailer was that “it was quite dark.” Under these circumstances, the defendants have a right to raise the issue of contributory negligence by exceptions of no right or cause of action, and this is particularly true where the plaintiff was not denied the right to amend its petition to show additional reasons why its employee failed to discern the unlighted parked vehicle.
 

 For the reasons assigned, the writ of certiorari is recalled, the rule dismissed, and the judgments of the Court of Appeal and the district court are affirmed at relator’s costs.