## HANTEL v. SERVICE DRAYAGE CO., Inc.

### No. 16828.

Court of Appeal of Louisiana. Orleans.

Dec. 13, 1937.

Adam H. Harper, of New Orleans, for appellant.

Spearing, McClendon, McCabe & Schmidt, of New Orleans, for appellee.

WESTERFIELD, Judge.

This is an appeal from a judgment maintaining an exception of no cause of action. Mrs. Agnes Schmidt Hantel, widow of Max Richard Hantel, brought this suit against the Service Drayage Company, Inc., claiming $15,257.19, as damages for the alleged negligent killing of her deceased husband. The petition alleges that on April 9, 1937, at about 8:30 a. m., a 2½-ton Ford truck or tractor to which was attached a trailer of similar capacity, operated by an employee of the defendant, ran into and killed Max Richard Hantel under the following circumstances: Hantel, after "ascertaining that no traffic was proceeding towards him from either direction for more than one hundred (100) yards," attempted to cross a paved roadway running along the rear of the publicly owned docks fronting the Mississippi river near St. Andrew street, for the purpose of retrieving a rolling object, starting from the riverside of the roadway adjacent to the docks and proceeding across towards the land side; that when he had reached a point from 3 to 4 feet distant from the land side of the roadway, after having retrieved the object, and as "decedent turned to return he was struck by the right side of said tractor by and in the vicinity of the right rear wheel, and was struck, likewise, by the right front or forward portion of the aforementioned trailer then being pulled by said tractor, which said tractor and trailer were then being driven by said Rodriguez in the direction of Jackson Avenue at a speed of fifteen (15) to twenty (20) miles per hour"; that deceased was dragged a distance of about 25 feet by the "skidding tractor and trailer" and slumped to the ground under the tractor and trailer; that the driver of the tractor backed after it had stopped, with the result that it crushed and rolled over the prostrate form of deceased; that the roadway which decedent crossed was maintained by the Board of Commissioners of the Port of New Orleans, an agent of the State of Louisiana, created by the State Legislature for the purpose of operating and maintaining the city docks; and that the speed limit

established by the Board of Commissioners for all vehicles traveling on the roadway was 6 miles per hour. The charges of negligence imputed to the defendant's servant are as follows: Excessive speed, failure to have the truck under control, ineffective brakes, failure to control the vehicle after seeing the decedent crossing the roadway and in not reducing the speed of the truck preparatory to stopping or swerving after he saw and realized "or should have realized that decedent was intent upon crossing said roadway and was not conscious of the approach of the said truck," and, finally, "in backing said truck onto and over decedent while decedent lay helpless on the ground after having first been struck and injured, after said truck had been brought to a complete stop."

The exception of no cause of action is based upon the contention that the allegations of the petition affirmatively show that the deceased was contributorily negligent, thus barring his recovery. Louisiana Power & Light Company v. Saia, La.App., 173 So. 537, decision of Supreme Court rendered November 2, 1937, 177 So. 238. Our attention is directed to the allegation in the petition to the effect that it was the rear wheel of the tractor which came in contact with decedent, from which the conclusion is drawn that the deceased ran into the side of the tractor, citing Huddy's Encyclopedia of Automobile Law, 9th Ed. vols. 5-6, p. 154, § 88, from which the following is quoted:

"If a pedestrian walks or runs against a moving automobile which is readily observable, it may be taken for granted that he did not see the car. On this assumption, he is guilty of negligence either (1) because he did not look for approaching automobiles, or (2) because, if he looked, his observation was so careless and inattentive that he did not see the car in question."

Conceding the force of the argument, we do not believe it can be fairly said that this petition alleges a state of facts to which the principle relied upon can be applied. It will be remembered that the petition alleges that the decedent was struck by a "skidding tractor and trailer" and dragged 25 feet before the tractor came to rest. It might well be that the point of contact with the tractor was caused by the fact that it was skidding at the time it struck decedent, a different situation.

It is contended that the allegations of the petition indicate that the deceased was primarily at fault in attempting to cross a roadway at a point other than that dedicated for the use of pedestrians as at an intersection, and that the truck driver could not be reasonably required to have anticipated decedent's presence because he was not walking along the roadway within his view, but was standing against a solid wall (the dock wall), and "suddenly dashed out in front of the truck to retrieve a fallen object before it fell off the edge of the road" (the roadway on the land side is alleged to be elevated to about the level of the floor of a railroad boxcar). It may be that the deceased was primarily negligent and that he could not be seen by the truck driver before entering the roadway, however, the petition alleges that at the time decedent started to cross there was no vehicle within 300 feet, which is equivalent to saying that the truck was more than that distance away. Therefore, even though the deceased may be said to have been primarily negligent, the driver of the truck had the last clear chance of avoiding the accident because the deceased must have been seen if he was in the roadway and in the path of the approaching truck for the period of time necessary for it to travel more than 300 feet at 15 miles per hour. The truck driver either saw the decedent in his path and realized his danger at a time when he had an opportunity to avoid the accident, or he should have seen him. In either case he had the last clear chance of avoiding the accident. Davidson v. American Drug Stores, La.App., 175 So. 157; Hicks v. Texas & N. O. R. R. Co., 186 La. 1008, 173 So. 745.

Much of counsel's argument on behalf of defendant is properly addressed to the merits which are not, at this time, before us. All that we are now permitted to consider are the allegations of the plaintiff's petition, which for the purpose of this hearing, are taken as true. It may be that, when the case is tried, the facts developed will not warrant a holding that defendant is liable, but the petition presents a case which should be heard upon its merits, even though there be some doubt as to the sufficiency of plaintiff's allegations. Patterson et ux. v. Chicago, R. I. & P. R. Co., La. App., 175 So. 164.

Our conclusion is that the judgment appealed from is erroneous.

For the reasons assigned, the judgment appealed from is annulled, avoided, and reversed, and it is now ordered that the exception of no cause of action be and it is overruled, and that this case be remanded

to the civil district court for the parish of Orleans for further proceedings according to law and not inconsistent with the views herein expressed.

Reversed and remanded.