KELLEHER, Judge ad hoc.
The appellant, Mrs. Dorothy H. Montel-eo'ne, prosecutes this appeal from a judgment of' the Civil District Court for the Parish of Orleans' which-dismissed her suit for damages for personal injuries sustained as a result of a collision between a Packard convertible coupe automobile driven by plaintiff and a parked truck owned by defendant appellee, Dularge Packing Company, a commercial partnership comprised of Messrs. Edward S. Ernst, Frederick G. Ernst and Francis L. Ernst. The Lumbermens Mutual Casualty Company, as the insurer of Dularge Packing Company, and Liberty Mutual Insurance Company, as the insurer of Frederick G. Ernst, were joined as defendants. Plaintiff sought a solidary judgment against the named defendants in the sum of $41,424.49.' After a trial on the merits the Civil District Court entered judgment dismissing plaintiff’s action on the theory that plaintiff’s contributory negligence barred her recovery.
On the evening of September 18, 1950, at about 8:30 p. m., plaintiff was driving her 1949 Packard convertible coupe on Toledano Street in the city of New Orleans, in the direction of South 'Claiborne Avenue. Toledano Street is a paved two-way street which is divided by a broad neutral ground with traffic thoroughfares on either side of the neutral ground of sufficient width to pro *336 vide three traffic lanes and a fourth lane for parking. The evidence shows that the accident occurred a short distance past the intersection of Toledano and South Tonti Streets. The plaintiff collided with a 1947 Chevrolet stake body truck owned by defendant, Dularge Packing 'Company, which was stopped on Toledano Street adjacent to the neutral ground facing in the direction of Claiborne Avenue. The truck immediately preceding the accident was being towed by a jeep owned by one of the defendants, Frederick G. Ernst, because the truck had had a new engine installed in it which was stiff and the purpose of the towage was to free the engine. The preponderance of the evidence shows that the truck was stopped while efforts were being made by a mechanic to make some adjustment to its carburetor. It was then that the collision occurred. The plaintiff and her witnesses contend that the truck was in a stationary position on Toledano Street without proper lights. Conversely, the defendants vigorously contend that the truck had tail lights and reflectors which should, have been clearly visible to plaintiff.
“ * * * The truck either had parking lights on it — that is the best the defendant can hope for — or the lights were out entirely. Dixon, the driver of the truck, testified that his parking lights were on and the reason was that he did not want to use up, to use the common expression, the ‘juice’ in the battery because he was trying to reserve some of that, as they were at that time trying to turn over the new motor in order to limber it up so that they could operate the truck. So that there were either parking lights, or there were no lights.”
The plaintiff, Mrs. Monteleone, testified that she was travelling at approximately 25 or 30 miles per hour on Toledano Street, and that she did not observe the truck until she was approximately 20 feet distant from it, that she then swerved to her right in an effort to avoid colliding with the parked truck, but nevertheless struck the right rear portion of the truck with the left front portion of her car. The plaintiff in graphic terms describes the collision as follows:
“Q. Now while you were on Tole-dano Street what happened, Mrs. Mon-teleone? A. Well, I was driving I say around 25 or 30 miles an hour and I was right on this truck before I saw it and it had no lights. I could not have possibly missed seeing it if it had lights.
“Q. Was the truck moving or had the truck stopped ? A. It was stopped.
“Q. How far from the rear of the truck were you when you first saw it? A. I will say approximately 20 feet.
“Q. 20 feet? A. Yes, sir.
“Q. What did you do after you saw the truck ? A. I didn’t try to apply the brakes because I figured with the momentum of the car I might lose control, so I swerved to the right.
“Q. And what happened after you swerved to the right? A. I don’t remember.”
Counsel for appellant in our opinion quite succinctly and correctly state in their brief the decisive issue presented by this appeal as follows:
“Was plaintiff-appellant guilty of such contributory negligence in failing to see an unlighted truck stopped in the fast traffic lane of a City boulevard street before reaching a point twenty-eight feet from the stopped truck as to preclude recovery for damages for personal injuries?”
A careful review of the record convinces us of the soundness of the conclusion reached by the District Judge that the plaintiff’s contributory negligence bars her recovery in this case. The doctrine of Louisiana Power & Light Co. v. Saia, 173 So. 537, decided by this Court and affirmed by the Supreme Court, 188 La. 358, 177 So. 238, 239, is decisive upon the issue of contributory negligence presented in this case. In that case the Supreme Court said:
*337 “Act No. 21 of 1932, § 9, subd. (g) 1 [LSA-R.S. 32:290], the State Highway-Regulatory Act, requires every vehicle operated on the public highways of the state between one-half hour after sunset and one-half hour before sunrise to be equipped with burning headlights of sufficient strength to make clearly discernible any person on the highway for a distance of 200 feet ahead.
“In applying this provision of the statute, the courts have concluded that a motorist is held to have seen an object, which, by the use of ordinary care and prudence, he should have seen in time to avoid running into it, and that the driver of an automobile is guilty of negligence in driving at a rate of speed greater than that in which he could stop within the range of his vision. O’Rourke v. McConaughey (La.App.), 157 So. 598-606; Hutchinson v. [T. L.] James & Co. (La.App.), 160 So. 447; Sexton v. Stiles, 15 La.App. 148, 130 So. 821, 828; Blahut v. McCahil (La.App.), 163 So. 195; Goodwin v. Theriot (La.App.), 165 So. 342; Waters v. Meriwether Transfer Co., 18 La.App. 18, 137 So. 578.”
Appellant contends that the instant case is governed by Gaiennie v. Cooperative Produce Co., Inc., 196 La. 417, 199 So. 377; Dodge v. Bituminous Casualty Corporation, 214 La. 1031, 39 So.2d 720; and Buford v. Combs, La.App., 50 So.2d 469. Each of these cited cases in our opinion is distinguishable from the case of Louisiana Power & Light Co. v. Saia, supra, by some exceptional circumstance which was not present in that case, nor is such a circumstance present in the instant case. Recovery was allowed in the Gaiennie case because of the court’s conclusion that the vision of the driver was impaired by the lights of an oncoming car. In the Dodge case [214 La. 1031, 39 So.2d 722] the exceptional circumstance was that the driver’s “visibility was affected by the oncoming traffic with lights burning, approaching from the opposite direction * * In the Buford case [50 So.2d 477] the court cited with approval the District Judge’s conclusion that “The evidence does show, however, that immediately before and at the time of the accident decedent’s vision was impaired by a very heavy rain * * *.”
We conclude that the issues here presented have been correctly resolved by the District Court.
For the reasons assigned, the judgment is affirmed at appellant’s cost.
Affirmed.