BOLIN, Judge.
William L. Pippen, while driving a truck and trailer loaded with green lumber, had mechanical difficulties and parked his vehicle on the highway, partially on the shoulder and partially in his lane of travel. Approximately fifteen minutes thereafter, Howard C. Cox, driving his automobile after dark in the same direction as Pippen, struck the trailer from the rear causing property damage to the truck-trailer and *594 automobile and personal injuries to Cox. From judgment rejecting Cox’s demands for property damages and personal injuries, he appeals.
Much of the evidence is not in dispute. The accident occurred after dark about 7:00 p. m. on February 17, 1961, on a hard-surfaced, two-lane highway about one-third of a mile beyond the corporate limits of the Village of Archibald. Pippen was driving his truck and trailer south. It had been raining intermittently most of the day causing the road to be wet and muddy. When the truck driver reached a point near the scene-of the accident, the right dual wheel of the-trailer became detached rendering it impossible for him to get the truck and trailer completely off the paved portion of the highway. Pippen admittedly placed no flares on the ground to either the front or rear of his disabled vehicle. He contends, however, he had numerous lights on the truck and trailer all of which were burning at the time of the collision, but this is hotly disputed. At least the evidence is clear that standard-size blinker lights on the left front fender of the truck and left rear of the trailer were operating at the time.
Plaintiff contends the accident was caused solely by the negligence of the truck driver in parking his truck and trailer after ■dark in such a manner as to partially block the right lane of travel; in failing to place flares as provided by statute; in failing to comply with the statutory provision for visible lights on the truck or trailer. He further alleges the blinker light on the front left fender was obscured by the loaded trailer and the one on the rear of the trailer was partially obscured by mud and the overhang of lumber. Defendant, on the other hand, asserts the accident was •caused solely by plaintiff’s negligence consisting principally 'of speeding and of driving his vehicle at night without keeping the proper lookout so as to timely observe another vehicle stopped in his lane of travel. Defendant alternatively interposed a plea of contributory negligence.
While no written reasons were assigned by the trial judge, our study of the record convinces us the plaintiff was clearly guilty of negligence and that such negligence was a contributing cause of the accident. The law controlling the case is well settled. Under ordinary circumstances a motorist is required to operate his vehicle in such a manner that it can be stopped within range of vision illuminated by its headlights. See Louisiana Power & Light Co. v. Saia, 188 La. 358, 177 So. 238 (1937) and cases cited therein.
There is, however, a well-recognized exception to the general rule to the effect that an oncoming motorist’s failure to see the stationary vehicle in his path is excused when the object could not reasonably have been anticipated or was difficult to see due to some event, occurrence or fact that obstructed his vision or prevented his seeing the object on the highway. See Gaiennie v. Cooperative Produce Co., 196 La. 417, 199 So. 377 (1940); Page v. Northern Insurance Company of New York (La.App. 2 Cir. 1959) 117 So.2d 279 (and numerous cases cited therein).
Therefore, the issue narrows itself to a purely factual question; whether the instant case falls under the general rule enunciated in the Louisiana Light & Power Co. case, supra, or under the exception in the Gaiennie case, supra. Conceding Pip-pen’s negligence, for the purpose of considering the plea of contributory negligence, we think the evidence reflects no legal excuse for plaintiff’s failure to see the stationary truck and trailer. We deem it unnecessary to review the conflicting testimony of the many witnesses on this subject. Suffice it to say, it is undisputed that at least one red blinker light was visible on the rear of defendant’s trailer and plaintiff did not see this light in time to avoid the accident although several other motorists testified they saw it in sufficient time and avoided an accident. The evidence supports no justification for his failure to see the taillight. The contention that the *595 blinker light was not visible because it was covered with mud and partially obscured by the overhanging lumber is not borne out by the evidence.
The special plea of contributory negligence filed by defendant is sustained and the judgment appealed from is affirmed at appellant’s cost.
Affirmed.