GLADNEY, Judge.
This action by Jackie West seeks recovery for damages for personal injuries and expenses sustained as a result of a collision in which his pickup truck was struck from the rear by an automobile driven by Glen E. Kenknight. Following trial on the merits judgment was rendered rejecting West’s demands against the defendants, Glen E. Kenknight and his insurer, Traders and General Insurance Company. Plaintiff has appealed.
The accident occurred on the afternoon of August 20, 196S about 4:45 o’clock P.M. on Highway 526 (Flournoy-Lucas Road) approximately four to five miles from the City of Shreveport. At the locus of the accident the highway is a blaclctopped road, the surface of which is 21 feet wide. The shoulders are from 3 to 4 feet wide with steep slopes. Rain had been falling during the day of the accident and the highway and its shoulders were wet. Close to the point of impact a driveway entered the highway. The circumstances of the collision were related by West and Kenknight, the only eyewitnesses who testified. West said he was traveling west on the highway and had stopped his truck to allow a passenger to get out, and while so stopped, Kenknight ran into the rear of the vehicle. Kenknight related that he was proceeding west on the highway and the first indication he had that a vehicle was stopped on the road ahead of him was when an automobile traveling in front of him pulled around the West vehicle in a passing maneuver, that he was confronted with oncoming traffic which prevented him from passing around the West truck, and that he immediately applied his brakes and skidded approximately 50 feet to the point of impact. At the time of the collision West had started his truck and was partially on and off the surface portion of the highway.
The trial court held that appellant West violated the provisions of LSA-R.S. 32:141, subd. A in stopping his vehicle on the highway and that this infringement of the stat- *410 lite constituted an act of negligence which, was a proximate cause of the accident. As a result of this holding plaintiff was denied recovery on the grounds of contributory negligence. Insofar as pertinent hereto LSA-R.S. 32:141, subd. A provides:
“Upon any highway outside of a business or residence district, no person shall stop, park, or leave standing any vehicle, whether attended or unattended, upon the paved or main traveled part of the highway when it is practicable to stop, park or so leave such vehicle off such part of said highway, but in every event an unobstructed width of the highway opposite a standing vehicle shall he left for the free passage of other vehicles and a clear view of such stopped vehicles shall be available from a distance of two hundred feet in each direction upon such highway.” [LSA-R.S. 32:141, subd. A]
Counsel for appellant earnestly contends that the statute is inapplicable to the case before the court forasmuch as the accident occurred in a scattered residential area. Cited in support of the contention are Bodan v. American Employers’ Insurance Company, La.App., 160 So.2d 410 (2nd Cir. 1964) and Standard Casualty Company v. Fidelity and Casualty Company of New York, La.App., 162 So.2d 26 (1st Cir. 1964; writ refused, 245 La. 1080, 162 So.2d 573). Examination of these cases disclose that in both instances the accident happened in well-recognized residential areas. Photographs and testimony show conclusively that the place where West stopped his truck was not in such a “residence district” as contemplated by the statute. The evidence reveals that there were some houses on one side of the road within an area where a considerable portion of the road is bordered by woodland. We hold that the statute has application to the portion of the highway so involved.
Alternatively, it is argued on behalf of appellant that despite application of the statute, the negligence of West was not a proximate cause of the accident. The inclement weather which softened the shoulders of the highway and caused the blacktop' surface to be wet and slippery created hazards not present when the highway is dry and the shoulders can be utilized by traffic if necessary. Due to the presence of the-nearby driveway plaintiff could readily have avoided such danger by discharging his passenger off of the highway.
A violation of statutes relating to' parking of vehicles upon the main traveled portion of a highway constitutes negligence, per se, but it is well recognized that such negligence is actionable only if it is the legal cause of the accident. Piggly-Wiggly Operators’ Warehouse, Inc. v. Commercial Union Insurance Company of New York, La.App., 174 So.2d 207 (2nd Cir. 1965); 247 La. 876, 175 So.2d 110. Under the circumstances -present in this case, we hold that a proximate cause of the collision of Kenknight’s automobile with the rear of the West truck was the negligence of West. Smith v. Henry, La.App., 147 So.2d 416 (2nd Cir. 1963, cert. denied, 243 La. 1013, 149 So.2d 766). Therein this court held that a motorist who parks his automobile upon the public traveled part of the highway is a prima facie violator of the law and to avoid liability for damage resulting therefrom, it is incumbent upon him to show affirmatively that it was necessary for him to so park it.
The trial court concluded that recovery by appellant was barred due to his contributory negligence. Finding that manifest error is not present, we affirm the judgment at appellant’s cost.