BOLIN, Judge.
Harry G. Sutton, individually and on behalf of his minor son, Harry G. Sutton, Jr., brought this suit for damages arising out of an automobile accident which occurred about 10 o’clock P.M. on December 14, 1965, on East Texas Street in Bossier City, Louisiana. Young Sutton, 16 years of age, was driving his father’s 1965 Ford Mustang east when it collided with a 1961 Comet station wagon driven by Mrs. Lillian O. Moore and insured by The Travelers Indemnity Company. During the pendency of the suit Mr. Sutton died and his surviving spouse, Mrs. Maude Bam-burg Sutton, was substituted as party plaintiff. Judgment was rendered in favor of plaintiff against Travelers and Mr. and Mrs. Moore in solido for $6500 for the minor’s personal injuries and in favor of Mrs. Sutton for $1284. From this judgment defendants appeal and plaintiff answers seeking damages for a frivolous appeal.
East Texas Street is a 4-lane black-top street running generally east and west with a median of approximately 5 feet separating the east and west flow of traffic. Just prior to the accident Mrs. Moore, accompanied by Mrs. A. H. Teague and Mrs. J. M. Lattier, entered her Comet automobile which was parked at the entrance of the Revana Restaurant located on the south side of East Texas Street. Mrs. Moore drove her car from the parking lot of the restaurant in a northerly direction with the intention of crossing the east-bound lane of East Texas Street, turning to the left and then proceeding west on East Texas. Mrs. Moore testified that before entering East Texas Street she stopped at the curb and looked to the left from where she was able to see to the nearest traffic light located at the intersection of Hamilton Road *188 and East Texas Street, which distance was established by other evidence to be 825 feet. Mrs. Moore waited on the parking lot until the traffic light at the intersection was red for cars traveling east and until no vehicles were approaching from her left, at which time she entered East Texas Street at a crossover in the median but was unable to turn left because of traffic approaching from her right .in the westbound lane. While thus waiting to turn left, which she estimated to be between 15 and 25 seconds, her vehicle was struck on the left side near the front door by the Sutton Mustang which was traveling east on the inside lane of East Texas Street.
Harry G. Sutton, Jr. testified that, being a resident of the area, he was familiar with the location; that he turned right on a green light at the intersection of Hamilton Road and East Texas Street and proceeded east on the inside lane at a speed of approximately 30 miles per hour; that the Moore automobile was stationary when he first noticed it and that a portion or all of the car was approximately at a right angle to and blocking his lane of travel. It was undisputed it had been raining immediately preceding the accident and the street was wet. Sutton claims when he first noticed the Moore vehicle he attempted to steer his car to the right but because of the wet surface of the street he was unable to maneuver his automobile and instead it continued straight ahead, striking the Moore vehicle broadside.
For oral reasons dictated into the record immediately upon completion of the trial the trial judge concluded the accident was caused solely by the negligence of Mrs. Moore in operating her vehicle in such a manner as to partially block the east-bound lane of traffic of East Texas Street. He concluded Sutton was not guilty of contributory negligence since the wet surface of the black-top street rendered it difficult for him to observe a parked vehicle, and, further, he was not obligated under the law to anticipate the presence of such an obstruction.
We are cognizant of the well-established rule that the factual findings of the trial judge should be accorded great weight. However, after a careful and painstaking review of the record we are convinced the judge below was in error in failing to sustain defendants’ plea of contributory negligence. As we are convinced Harry G. Sutton, Jr. was guilty of negligence which contributed to this accident we deem it unnecessary to discuss whether Mrs. Moore was guilty of negligence, but we shall assume such for the purpose of passing on the plea of contributory negligence.
There is no hard and fast rule to cover all accidents involving the failure of the driver of a moving vehicle to observe an obstruction in his lane of travel. Each case must be decided upon its own particular facts and circumstances. A motorist is charged with the duty of seeing an obstruction in his lane of travel when by the use of ordinary care he could have observed it in time to avoid a collision. Louisiana Power and Light Company v. Saia et al., 188 La. 358, 177 So. 238 (1937).
The case of Gaiennie v. Cooperative Produce Company, 196 La. 417, 199 So. 377 (1940), involved a truck parked on the shoulder of a paved highway with one of its front wheels resting on the pavement. The body of the truck extended across the right traffic lane about 5 feet with no lights or flares to warn motorists of its presence. Plaintiff was proceeding along this partially blocked traffic lane when the parked truck suddenly loomed up out of the darkness and because of traffic approaching from the opposite direction he had no alternative except to apply his brakes, but, being then too close, was unable to avoid striking the rear of the parked truck. It was held plaintiff was not negligent in failing to see the truck *189 sooner than he did under the circumstances of that particular case.
There are many cases in our jurisprudence exonerating from negligence the driver of a vehicle who strikes a stationary object in his path at night. However, in those cases where the motorist is found free from negligence in failing to see the object blocking his lane of travel there are peculiar and unusual circumstances, such as the dark color of the parked vehicle rendering it practically invisible; poor visibility due to fog, etc.; bright lights of oncoming traffic tending to blind the motorist or extremely heavy traffic conditions.
Under their affirmative plea of contributory negligence defendants bear the burden of proving Sutton was negligent and that his negligence contributed to the accident. In the instant case we are unable to find any reason why Sutton should not have seen the Moore station wagon which had been stopped for at least 15 seconds prior to the collision. To the contrary, we find defendants have proved Sutton’s failure to see the station wagon was negligence which contributed to this accident. The area was well-lighted and there was nothing to obstruct Sutton’s view from the time he turned at the intersection of Hamilton Road and East Texas Street until he struck the Moore vehicle, a distance of approximately 825 feet; there was no other traffic proceeding in the same direction as the Mustang which in any way interfered with Sutton’s vision of maneuverability; there is no contention any way interfered with Sutton’s vision or rendered it more difficult for him to see the Moore vehicle; the Moore station wagon was of a light color which would make it easier to see at night.
For the reasons assigned the judgment appealed from is reversed and set aside, the plea of contributory negligence filed by defendants is sustained and plaintiffs demands are rejected at her cost.
GLADNEY, J., takes no part.