GLADNEY, Judge.
This damage suit arises from an accident which occurred on Linwood Avenue south of Shreveport on June 19, 1965 at approximately 8:00 o’clock P.M. Plaintiff was driving his pick-up truck in a southerly direction when it struck the rear of a 1958 Nash automobile which had been operated by Cecil Joe Jones. Jones’ car, prior to the accident, had suffered some mechanical difficulties, and Jones, also headed souther *871 ly, pulled to a stop partially on the west shoulder with about two feet of his automobile extending into the southbound lane of Linwood. When Roberts’ truck hit the Jones car he also collided with an oncoming vehicle driven by R. H. House.
The trial court in a written opinion found Jones guilty of negligence in parking his unlighted automobile on the edge of the highway. Also it found that Roberts was guilty of contributory negligence which latter finding is the basis of plaintiff’s appeal.
In addition to Cecil J. Jones, the driver of the Nash automobile, also named defendants were Aetna Casualty & Surety Company, the insurer of a 1967 Chevrolet owned by Jones, and Michigan Millers Mutual Insurance Company, insurer of the car driven by Roberts.
The highway at the point of the accident is black-topped, with two lanes, and is 20.4 feet wide from edge to edge. The shoulders are approximately five feet wide, joining a slope into a ditch. The highway runs north and south. The accident occurred near a wooded area; both sides of the highway are edged by a thick growth of medium-sized timber. The evidence indicates that in broad daylight the occupant of a car approaching the point where Jones’ Nash automobile was parked would have clear and unobstructed view of the automobile for 577 feet and at 856 feet the top of the car would be visible.
There was meteorological data introduced in evidence concerning the time of sunset and twilight. On June 19, 1965 sunset was at 7:25 P.M. Central Standard Time. Evening civil twilight ended at 7:53 P.M. The record indicates that civil twilight ends when the sun is six degrees below the horizon. Darkness may not be complete until some time later. The amount of light during the twilight period depends on weather conditions and local circumstances and can be established only by testimony of eyewitnesses.
Roberts’ testimony was that he did not see the Jones car until he was about twenty feet away from it. He skidded for a distance of about eighteen feet before the collision. He testified that he thought lights from the oncoming vehicle prevented his seeing the Nash automobile, but that he was not blinded by those lights.
House testified that he turned onto Linwood Avenue at the intersection of the Flournoy-Lucas Road, headed in a northerly direction, and saw the dark Nash automobile on the shoulder of the road at about the time he entered Linwood Avenue. According to House, the Flournoy-Lucas Road intersection with Linwood was about a quarter of a mile from the site of the accident. Although House had his headlights on and Roberts in the approaching truck had his headlights on, House first observed the Nash under available light not aided by automobile headlights. House described the light conditions as being “just about dark.”
Under the conditions as reflected by the record, there was nothing to prevent Roberts from seeing as much as House saw for a distance of more than 500 feet before the point of the collision. The evidence does not indicate conditions that would explain why Roberts failed to see the Nash until he was approximately twenty feet from it. Although the accident happened toward the end of civil twilight, the record supports the conclusion that the defendant proved the plaintiff’s contributory negligence by a preponderance of the evidence.
The undisputed evidence discloses that Jones was guilty of negligence in violation of LSA-R.S. 32:301 and 141 because of the manner in which he stopped his unlighted vehicle on the highway. In West v. Kenknight, La.App., 193 So.2d 408 (2nd Cir. 1967) we held that a violation of statutes relating to parking of vehicles upon the main traveled portion of a highway constitutes negligence, per se. In Dixie Drive It Yourself System, New Orleans Co. v. *872 American Beverage Company, 242 La. 471, 137 So.2d 298 (1962) it was said:
“The statute was designed to protect life and property on the highways. It is a safety measure. The violation of its provisions is negligence per se, and this negligence is actionable if it was a legal cause of the collision.” [137 So.2d 298, 302]
The principal issue presented is concerned with the contributory negligence, vel non, of Roberts. Primarily, he is alleged to be at fault in driving too fast and not paying attention to a stopped car which was visible for over 500 feet, and failing to react to its presence until approximately 20 feet away when it was too late. The Louisiana Supreme Court in Louisiana Power & Light Company v. SAIA, 188 La. 358, 177 So. 238 (1937) in commenting on the duty of a motorist to look and see, stated:
“ * * * a motorist is held to have seen an object, which, by the use of ordinary care and prudence, he should have seen in time to avoid running into it, and that the driver of a automobile is guilty of negligence in driving at a rate of speed greater than that in which he could stop within the range of his vision. * * * ” [177 So. 238, 239]
The motorist will be held negligent in driving at a rate of speed greater than that in which he could stop within the range of his vision. He cannot assume that his course of travel is free from danger or obstruction in the absence of his ability to see clearly ahead. Exceptions to this rule have been made in cases because of unusual and extraordinary circumstances. Eubanks v. Wilson, La.App., 162 So.2d 842 (3rd Cir. 1964).
The trial court concluded, and we think correctly so, that Roberts was guilty of negligence which was a proximate cause of the accident through his failure to timely observe the presence of the Jones vehicle and bring his automobile under proper con-' trol.
A question raised by Aetna as to whether coverage was afforded on its policy on the Jones Chevrolet and the further issue as to whether Roberts breached his contract with Michigan Millers by lack of cooperation and noncompliance, need not be decided in view of our findings that both motorists were at fault.
Judgment affirmed.