FRUGÉ, Judge.
This is an action for damages arising as a result of a one-car accident on Louisiana Highway 13 in Evangeline Parish on February 9, 1968. The trial court rendered judgment in favor of the defendant-insurer, and plaintiff has appealed.
Plaintiff, Ferrell Granger, was a guesf passenger in a car driven by defendant’s insured, Ferrell Brignac, and owned by Brignac’s father. Granger and Brignac were the only occupants of the automobile, which was proceeding north on Louisiana *915 Highway 13 in Evangeline Parish at the time of the accident. Brignac was driving the automobile at a speed of 75 to 80 miles per hour, and his negligence is conceded by the defendant. The only issue presented on this appeal is whether or not the guest passenger, Ferrell Granger, was contribu-torily negligent.
Louisiana Highway 13 is a two-lane thoroughfare, running generally north and south, in Evangeline Parish. For the most part, it is fairly straight and has few curves. At the point where the acciderit occurred the highway curves slightly to the right, proceeding in a northerly direction.
The plaintiff contended that he suffered “retrograde amnesia”, and that he could remember nothing about the accident. He relied almost exclusively on the testimony of Ferrell Brignac, the driver of the car, in proving his case.
The testimony of Brignac revealed that the tires on the automobile were in poor condition, and that Granger was not made aware of this fact. Brignac testified that while traveling at 75-80 miles per hour the car hit some gravel on the left shoulder of the road, causing the automobile to skid. However, he regained control of the automobile and the right rear tire blew out, causing him to lose control completely, which resulted in the automobile flipping several times and coming to rest in the ditch.
The defendant, of course, has the burden of proving the affirmative defense of contributory negligence. Sutton v. Travelers Indemnity Co., 210 So.2d 186 (La.App.2d Cir.1968). The testimony of Brignac shows that the automobile was traveling at least 75 or 80 miles per hour, and that plaintiff was awake and aware of how the automobile was being driven. Brignac’s testimony also shows that the plaintiff made no protest concerning the manner or speed at which the car was being operated.
Although a guest passenger is not required to monitor the driving of a vehicle in which he is a passenger, he is under a duty to protest when the speed of the automobile is manifestly excessive. Clifton v. Dean, 169 So. 788 (La.App. 1st Cir.1936); Provosty v. Christy, 152 So. 784 (La.App.Orl.1934). Plaintiff’s failure to do so in the present situation constitutes a prima facie showing of contributory negligence on his part, which he has failed to refute. We have little difficulty in finding that .the plaintiff was contributorily negligent, in view of the clear showing that he knowingly allowed Brignac to proceed at such a high rate of speed on a two-lane highway without protesting.
The plaintiff contends that the cause of the accident was the poor tires on the automobile rather than the excessive speed of Brignac, and even if the plaintiff were contributorily negligent in allowing Brig-nac to drive at a speed of 75 to 80 miles per hour, it was not a cause in fact of the accident.
As stated previously, the speed limit on this particular highway was 60 miles per hour. Had Brignac been driving within the posted speed, it is quite likely that he would have been able to retain control of the automobile even if a blowout had occurred. We therefore find that the excessive speed of Brignac was a cause in fact of the accident, and the plaintiff’s contributory negligence bars any recovery on his part.
For the foregoing reasons, the judgment of the trial court is affirmed, at plaintiff-appellant’s cost.
Affirmed.
On Application for Rehearing.
En Banc. Rehearing denied.
TATE, J., not participating.