LOTTINGER, Judge.
This is an automobile accident case wherein the plaintiff ran into a bundle of sugar cane located in his lane of travel. The Lower Court found for the plaintiff and the defendants have appealed.
The record points out that on December 11, 1965, at approximately 5:30 P.M., the plaintiff was operating his vehicle in a southerly direction on Louisiana Highway No. 1. At approximately 1.4 miles north of the city limits of Donaldsonville, Louisiana, after having been momentarily blinded by the lights of an oncoming car, the plaintiff discovered a bundle of sugar cane in his lane of travel. This bundle of sugar cane had dropped from a cane hauling truck, owned by Thibaut Farms, a few minutes earlier. The plaintiff testified that it was just about dark, and it was necessary to have the headlights on. He had just met three or four oncoming cars, and had been momentarily blinded by them, and as he passed the last car, he noticed the bundle of sugar cane in the middle of his lane. When he first noticed the bundle of sugar cane, it was approximately 25 feet away. The investigating State Trooper found no skid marks, but testified that there was a distance of 400 feet from the point of i impact to where the bundle of sugar cane came to a rest. The plaintiff estimated that he was traveling at ápproxi-mately 50 miles per hour. The speed limit at the scene of the accident was 50 miles per hour.
The plaintiff received injuries as a result of this accident which are best described and summarized by the attending *68 physician in his report, which was introduced by stipulation into the record:
“This patient was involved in an automobile accident on 12/11/65.. He received deep laceration of the chin, severe contusion of the back, lower chest abdomen, shock and possibly internal injuries. He was hospitalized for two days for close observation and treatment. On 12/16/65 the sutured were removed and he was given a rib support and prescription for zactirin compound and oral var-idase. Patient was not seen for any more treatment as of 12/16/65.”
The plaintiff testified that he was off from work for one week, and the pain caused by the accident lasted for approximately six weeks. During four of these six weeks, the plaintiff wore a rib belt to relieve the pain caused by his bruised ribs. The Trial Judge awarded the plaintiff $1,500.00 for pain and suffering and $265.-00 for doctor and hospital bills, for a total of $1,765.00.
The defendants admit negligence on the part of the driver of the Thibaut truck in dropping the bundle of sugar cane, but aver that the contributory negligence of the plaintiff was the proximate cause of the accident, and should therefore bar his recovery.
The basis of their contention is that the plaintiff’s speed was excessive under the circumstances. They contend that when he was momentarily blinded by the headlights of oncoming automobiles, he should have reduced his speed or otherwise get his automobile under control rather than proceeding blindly down the highway. In support of this contention, defendants have cited the following cases: Wilhite v. Beavers, 227 So.2d 919 (La.App. 2nd Cir. 1969); Roberts v. Aetna Casualty & Surety Company, 216 So.2d 870 (La.App. 2nd Cir. 1968); Bertrand v. Home Indemnity Company, 209 So.2d 307 (La.App. 3rd Cir., 1968). We have studied these three cases and do not feel that they bear on or control the situation now before this Court.
In Wilhite v. Beavers, supra, while passing another vehicle in a fog, the defendant’s automobile struck a young child properly walking on the left-hand side of the road. There the Court held that the defendant was negligent in not sounding his automobile horn. In Roberts v. Aetna Casualty & Surety Company, supra, the facts established by the evidence proved that the plaintiff could have seen a vehicle parked partially on and partially off the highway without the aid of his headlights. Here the Court so held the plaintiff to be negligent, and in Bertrand v. Home Indemnity Company, supra, the plaintiff ran into a truck parked one and one-half to three feet on the side of a busy street. The plaintiff’s automobile was going approximately fifteen miles per hour and he says he was blinded by oncoming lights. Here the Court held the plaintiff to be negligent and made a distinction between the open highway and a busy street.
In Adams v. Allstate Insurance Company, 212 So.2d 204 (La.App. 4th Cir., 1968) the Court held that a motorist who struck a boat in the roadway, which had fallen from a trailer, was not negligent. It was contended that this motorist was contribu-torily negligent, and the Court said :
“We are fully cognizant of the jurisprudence that the operator of an automobile is required to maintain such control and lookout as to be able to avoid ordinary hazards which appear in the road in front of him. However we find that it is equally well settled that a motorist using ordinary care has the right to presume that the thoroughfare in front of him is free from unusual hazards. He will not be charged with negligence if he strikes an object which no person could reasonably suspect would be there and could not have seen in time by the use of ordinary care. Vowell v. Manufacturers Casualty Insurance Co., 229 La. 798, 86 So.2d 909 (1956), and cases cited therein.
“We think the latter maxim is decisive of the issue in the case before us. Brown had been proceeding on the high *69 way well within Ihe speed limit. There was nothing to indicate to him the presence of the boat in the road. For although the boat was white, it stood three to four feet high, the facts show that the night was dark and raining at the time of the accident. Further, traffic was traveling toward him with headlights burning. Under these circumstances we do not find that it was negligence on his part not to see the boat until he was 20 to 30 feet from it. He was thus unable to avoid striking it, causing him to loose control of his vehicle and to hit the Bib-bv car.”
The applicable law has been well stated in the case of Sanders v. Filers, 217 So.2d 205, 209 (La.App. 1st Cir. 1968) as follows:
“The rule is well established that one who operates a motor vehicle on public highways has a never ceasing duty to keep a sharp lookout ahead. A motorist is therefore held to have seen that which in the exercise of ordinary care he should have seen. Rottman v. Beverly, 183 La. 947, 165 So. 153; Jackson v. Cook, 189 La. 860, 181 So. 195. Thus, though as a general rule a motorist may assume that the road ahead is safe for travel, he must when traveling after darkness or in circumstances of limited or impaired visibility observe and so control his vehicle as to avoid discernable objects in his path of travel; that is, in adverse conditions a greater degree of care must be exercised. Watkins v. Strickland Transportation Co. (1956), La.App., 90 So.2d 561, and Hernandez v. State Farm Mutual Automobile Insurance Company (1966), La.App., 192 So. 2d 679. This last rule however is subject to the well established exception that a night driver is not charged with the duty of guarding against unusual or unexpected obstructions which he had no reason to anticipate he would encounter on the highway and which under the circumstances are difficult to discover. Gregoire v. Ohio Casualty Ins. Co., La. App., 158 So.2d 379; Gros v. United States Fidelity & Guaranty Co., La.App., 183 So.2d 670.”
In the case at bar, the plaintiff testified that he was traveling within the speed limit, and there is no disputing testimony. He further testified that he was momentarily blinded by oncoming headlights, and did not see the bundle of sugar cane in his lane of travel until after he had passed the point of momentary blindness. Considering that one would not normally expect to find a bundle of sugar cane in his lane of travel we do not find any negligence on the part of the plaintiff.
The Trial Court awarded the plaintiff the sum of $1,500.00 for pain and suffering and $265.00 for doctor and hospital bills. Appellants have complained that this is excessive, but after reviewing the testimony of the plaintiff and the medical report, we do not feel that the Trial Judge abused his discretion in awarding this sum of money.
Therefore, for the above and foregoing reasons, the judgment of the Trial Court is affirmed, all costs of this appeal to be paid by defendants-appellants.
Judgment affirmed.