SAVOY, Judge.
This tort action was filed by Wilfred Landry to recover for personal injuries he received and for property damage to his 1960 Chevrolet automobile when it was rear-ended by a 1965 Comet automobile being driven by Steve Meligan and belonging to his son, Clark Meligan. Named as defendant with Meligan is Allstate Insurance Company, the liability insurer of the Comet. Defendants filed an answer denying negligence and affirmatively pleading contributory negligence on the part of plaintiff. In addition, Allstate filed a reconventional demand against plaintiff to recover for damages to the Meligan vehicle which Allstate paid.
Without assigning written reasons, the trial court held that both plaintiff and defendants were guilty of negligence which proximately caused the collision, and rejected plaintiff’s demands. The court also rejected the reconventional demand of Allstate. Both plaintiff and defendants have appealed.
The accident occurred on May 1, 1967, at approximately 4:00 A.M. on Louisiana Highway 100 (known as the Crowley-Egan Road) on a clear dark morning, some three miles west of the intersection of Louisiana Highway 13. Both vehicles were heading in a westerly direction; plaintiff traveling alone and on his way to work; and Meligan traveling with his wife and a thirteen-year-old son on a trip to Houston, Texas. There was no oncoming or following traffic on the road at the time of the accident.
Plaintiff testified he was traveling in the westbound lane at a slow rate of speed in preparation for a stopping maneuver as he thought a tire was flat or going flat, when his vehicle was hit in the rear by the Comet. He said he had checked all of his headlights, taillights and signal lights before leaving that morning for work, and that all were operable. He stated that prior to his slowing down, he activated his right signal blinker and made a hand signal indicating his intention of eventually pulling off onto the right shoulder of the road.
Meligan, on the other hand, testified that he was driving with his bright lights on at a speed of 50 to 55 miles per hour when he noticed an obstruction in his lane of travel which he could not distinguish. He applied his brakes with a resultant skidding effect; and as he was skidding toward the Chevrolet, he saw plaintiff run from the left rear of the Chevrolet to the right shoulder of the road. He did not see any taillights burning on the Chevrolet until plaintiff ran toward, the shoulder, at which time he could perceive only one taillight burning. Rather than swerving to the left and possibly broadsiding into the Chevrolet, he continued straight on hoping he could stop, but eventually slammed into the Chevrolet.
Mrs. Steve Meligan testified that she was riding in the right rear of the Comet at the time of the accident, and her testimony substantiated that of her husband. Steve Meligan, Jr. testified that he was thirteen years old at the time of the accident and was sleeping in the right front of the Comet at the time of the accident. Although he did not see the actual collision or events leading up to the same, he awakened when the vehicle started skidding; and after the accident said he saw the plaintiff coming from the right side of the road shortly after the wreck.
Trooper First Class Richard Broussard testified on behalf of defendants as the investigating officer. He found that the *784 Comet left some 84 feet of skid marks, and also found two feet of skid marks leading from where the rear wheels of the Landry vehicle was struck to where it came to rest after the accident. His investigation revealed that the point of impact was one foot inside the westbound lane from the center line of the highway. He further stated that the right taillight of the Chevrolet was not burning although the left taillight was burning.
Although the trial court did not actually hold that the Chevrolet was stopped in the highway, since no written reasons were assigned, the record supports the defendants’ version of the accident. We thus conclude that the Chevrolet was stopped in the westbound lane of the highway. We further hold that the trial court properly held plaintiff and defendants guilty of negligence which was a proximate cause of the accident.
Inasmuch as we have concluded that the Chevrolet was stopped in the westbound lane of the highway without adequate warnings to approaching traffic, and when it could have been pulled over onto the shoulder of the road, in violation of LSA-R.S. 32:141, we must conclude that plaintiff was guilty of negligence which was a proximate cause of the accident.
A motorist is charged with the duty of seeing an obstruction in his lane of travel when by the use of ordinary care he could have observed it in time to avoid a collision. This rule was recently reiterated in Sutton v. Travelers Indemnity Company, 210 So.2d 186 (La.App. 2 Cir. 1968). The Court stated therein additionally:
“There are many cases in our jurisprudence exonerating from negligence the driver of a vehicle who strikes a stationary object in his path at night. However, in those cases where the motorist is found free from negligence in failing to see the object blocking his lane of travel there are peculiar and unusual circumstances, such as the dark color of the parked vehicle rendering it practically invisible; poor visibility due to fog, etc.; bright lights of oncoming traffic tending to blind the motorist or extremely heavy traffic conditions.”
We are not aware of any circumstances in the instant case which would exonerate the driver of the Comet from negligence. Plaintiff testified his headlights were burning, and we think this would probably be true after considering the evidence in the record that the left taillight of plaintiff’s automobile was burning. On the other hand, we are unable to hold as counsel for plaintiff would have us do that Meligan had the last clear chance to avoid the accident. Although the first two requisites in order to hold that one had the last clear chance to avoid the accident were present, i. e., that plaintiff was in a position of peril of which he was unaware or unable to extricate himself, and that Meligan actually discovered or could and should have discovered plaintiff’s peril; the third requisite, namely that at such time Meligan could have avoided the accident with the exercise of reasonable care, is not present here, in light of the fact that the sudden appearance of one taillight when plaintiff ran toward the shoulder of the road added additional considerations to a successful avoidance of the accident. See Scott v. Glazer, 164 So.2d 185 (La.App. 4 Cir. 1964).
For the reasons assigned, the judgment of the trial court is affirmed. Costs of this appeal are assessed against Allstate Insurance Company.
Affirmed.