de la HOUSSAYE, Judge.
This is a wrongful death action filed by the parents of Elmer Torrey, Jr., who was tragically killed at the age of eight when he was struck by a vehicle owned and operated by Thomas L. Chauvin. Suit was filed against Chauvin and his liability insurance carrier, Allstate Insurance Company. On the request of plaintiffs, this case was tried before a jury on October 10 and 11, 1973. The jury found, on special interrogatories, that Chauvin was not negligent and rejected the demands of plaintiffs. From this adverse judgment, plaintiffs have perfected a devolutive appeal. We affirm.
Plaintiff urges that the jury erred in not finding Chauvin negligent for not taking necessary precautions to avoid hitting the child after he was blinded by the lights of an oncoming vehicle. The record reflects that this accident occurred at night on *758 Louisiana Highway 57 on June 16, 1971. Officer Gary Burnett, Louisiana State Police, testified that this is a two-lane highway 24 feet wide located in a scattered residential area. The nearest house from the accident was 500 to 600 feet, and there was no artificial lighting in the area. Chauvin was traveling in a southerly direction headed for Dulac, Louisiana, at 60-miles-per-hour. Chauvin testified that, as he approached an oncoming vehicle, he was momentarily blinded by its lights, so he looked to the right shoulder of the road. At few seconds after the oncoming vehicle passed him, he hit “an object” but did not know what it was. He turned his vehicle around and searched the area by slowly driving on the highway, but was unable to locate anything. He then went to the home of Mrs. Norman Ledet and phoned the police. The child was found' 158 feet from the estimated point of impact off of the left side of the highway. From the photographs introduced into evidence and the testimony of Officer Burnett, the child was shirtless and wearing blue jeans. Officer Burnett testified that the point of impact was estimated at one foot west of the center line in the south-bound lane of traffic (the lane Chauvin was traveling) but stated that this was an estimate and that no precise point could be determined. He also found 1511^ feet of skid marks left by Chauvin’s vehicle.
Plaintiff called ‘ Nilo Johnson, Jr., a young child who was six-years-old at the time of the accident, who testified that he saw Chauvin run over young Torrey by swerving to the opposite (northbound lane) lane of traffic to strike him. Young Johnson also testified that Elmer Torrey, Jr. was wearing a blue jacket at the time of the accident (contrary to the photographs and the testimony of Officer Burnett) and that he told his father, Nilo Johnson, Sr., that he witnessed the accident the night that it occurred. However, Mr. Johnson testified that he did not recall his son informing him that he saw the accident, and, if his son had told him, he would have remembered. Also, Mr. Johnson had told Officer Burnett and an adjuster for Allstate Insurance Company that there were no witnesses to the accident.
Apparently, the jury rejected this version of the accident and, in the opinion of this Court, there is ample evidence in the record for the jury to have done so. It has been held on numerous occasions by this Court that a jury’s verdict will not be overturned absent a showing of manifest error. See: Reech v. Bodin, 286 So.2d 477 (La.App., 1st Cir.-1973); Canter v. Koehring Company, La., 283 So.2d 716 (1973).
Appellant cites several cases which requires a motorist, when blinded by oncoming lights, to reduce his speed so that he would be able to stop within his range of vision. Citing: Davis v. St. Louis Fire & Marine Insurance Co., 200 So.2d 910 (La.App., 1st Cir.-1967); Borne v. Alexander, 245 So.2d 816 (La.App., 4th Cir.-1971); Bertrand v. Home Indemnity Co., 209 So.2d 307 (La.App., 3rd Cir.-1968); Monteleone v. Dularge Packing Co., 73 So.2d 335 (La. App., 4th Cir.-1954); and Louisiana Power & Light Co. v. Saia, La.App., 173 So. 537, Aff., 188 La. 358, 177 So. 238. We find these cases not applicable to the case before this court. These cases do not concern themselves with a defendant who is faced with a child who has darted into the path of a vehicle. Apparently, the jury concluded that Elmer Torrey, Jr., suddenly and without warning, dashed into the path of Chauvin’s vehicle and that there was nothing in the record to indicate that the jury has committed manifest error, the judgment is affirmed. Costs of this appeal are to be borne by plaintiff-appellants.
Judgment affirmed.