FRUGÉ, Judge.
Plaintiff, Motors Insurance Corporation, sued the defendants, Larry Thomas and his liability insurer, Dixie Auto Insurance Company, as the subrogee under the terms of an insurance policy issued by the plaintiff to Carl Lee Ledoux. Judgment was rendered in favor of the defendant dismissing the plaintiff’s suit. We affirm that judgment.
This suit arises out of a collision which took place between the defendant and the plaintiff’s insured on December 17, 1971. The accident took place on U. S. Highway 190 about two-tenths of a mile west of the intersection of Louisiana Highway 757 near Eunice in St. Landry Parish. Two automobiles were involved in the accident. One was a 1972 Buick two-door hardtop driven by the defendant in an easterly direction on U. S. 190. The other was a 1969 Pontiac GTO owned and operated by the plaintiff’s insured. Prior to the collision Ledoux’s automobile was stopped in the eastbound lane of the highway headed east. The accident occurred when the defendant ran into the rear of the Ledoux vehicle.
U. S. 190 is a hard-surfaced, two-laned highway, running generally in an east-west direction. The collision took place sometime between 10:30 and 11:00 in the evening, and it was dark and overcast at the time. The area was unlighted except for a street light located at the intersection of La. 757, some two-tenths of a mile further east, and some lights that were burning at business establishments located near the point of impact. The posted speed limit was 60 miles per hour and prior to observing the Ledoux vehicle the defendant was traveling at that speed. He left 120-150 feet of skidmarks before impact.
As a result of the collision, the plaintiff filed this suit to recover from the defendants the sum of $849.27, the amount it paid and became subrogated to recover as the collision insurer of the Ledoux vehicle. At the conclusion of the trial on the merits, the trial judge rendered judgment from the bench in favor of the plaintiff. Defendants’ motion for a new trial was granted and upon further consideration the trial judge reversed his earlier judgment and rendered judgment in favor of the defendants. A devolutive appeal was taken from this judgment by the plaintiff.
The appellant alleges error on the part of the trial judge in concluding that the plaintiff’s insured was guilty of contributory negligence so as to bar the plaintiff’s recovery in this suit. The record supports the judgment of the trial court and therefore we affirm that judgment.
The plaintiff alleged negligence on the part of Thomas in failing to keep a proper lookout and in failing to maintain control of his vehicle. The answer of the defendants denied any acts of negligence and in the alternative alleged contributory negligence on the part of the plaintiff’s insured in stopping his vehicle on the highway without taking the necessary precautions to insure that his presence would not cause injury to others, in operating his vehicle while intoxicated, and in driving in a careless and reckless manner. Since we find that the defendants’ allegation of contributory negligence on the part of the plaintiff’s insured is supported by the evidence presented at the trial, we will not discuss *413 the alleged negligence on the part of the' defendant since proof of contributory negligence bars recovery by the plaintiff.
The evidence presented in this case indicates that Ledoux’s vehicle was stopped in the eastbound lane of travel at the time of the collision. The mere fact that Le-doux was stopped on the highway at the time of the accident raises a presumption of fault on his part. The applicable statute is Louisiana Revised Statute 32 :- 141(A) and (C), which provides, as follows:
“A. Upon any highway outside of a business or residence district, no person shall stop, park, or leave standing any vehicle, whether attended or unattended, upon the paved or main traveled part of the highway when it is practicable to stop, park or so leave such vehicle off such part of said highway, but in every event an unobstructed width of the highway opposite a standing vehicle shall be left for the free passage of other vehicles and a clear view of such stopped vehicles shall be available from a distance of two hundred feet in each direction upon such highway.
* * * * * *
“C. The driver of any vehicle left parked, attended or unattended, on any highway, between sunset and sunrise, shall display appropriate signal lights thereon, sufficient to warn approaching traffic of its presence.”
In the present case the plaintiff has the burden of justifying its insured’s presence on the highway in violation of the above statute. In order to exonerate its insured from negligence arising from the violation of subsection (A) of the statute it is incumbent on the plaintiff to affirmatively establish the necessity for the obstruction. It is also necessary to prove that reasonable and adequate steps were taken to warn other motorists of the existence of the hazard created by the obstruction, as required by subsection (C).
The courts of this state have considered a violation of the duty imposed by this statute negligence when the violation of it 'is a cause-in-fact of damage or injury and when the risk incurred is within the scope of the protection of the statute. Dixie Drive It Yourself System v. American Beverage Co., 242 La. 471, 137 So.2d 298 (1962); Guillory v. Travelers Insurance Co., 293 So.2d 252 (La.App. 1st Cir. 1974); Gautreaux v. Pierre, 254 So.2d 476 (La.App. 3rd Cir. 1971). In weighing the negligence of the obstructing motorist, the courts have taken into consideration the necessity for the obstruction. For example, in Moses v. Mosley, 146 So.2d 263 (La.App. 3rd Cir. 1962), the court stated that the defendant was not justified in stopping her vehicle on the main traveled portion of the highway simply to clean her windshield, which had become partially covered by ice. A similar conclusion was reached in West v. Kenknight, 193 So.2d 408 (La.App. 2nd Cir. 1966), wherein the plaintiff stopped his vehicle on the highway to allow a passenger to disembark.
In the present case the plaintiff has attempted to justify the obstruction created by its insured through the testimony of Brenda LeBoeuf, who gave testimony of an alleged prior accident involving Ledoux. Additionally, plaintiff sought to prove that Ledoux’s emergency flashers were on at the time of the accident and that third parties were warning traffic with a flashlight, all of which would’ fulfill the requirements of subsections (A) and (C) of the above statute.
Miss LeBoeuf’s testimony was at variance with that of the other witnesses, and the trial judge apparently gave it little consideration. She stated that shortly before the accident she and two other individuals, David Sonnier and Clarence Trahen, who were not called as witnesses, came upon Ledoux’s vehicle, which was stopped in the eastbound lane on U. S. 190 near Manuel’s Truck Stop. They stopped to determine what was the matter and, upon doing so, Miss LeBoeuf observed that Ledoux was *414 unconscious. She stated that she did not smell alcohol on his breath. She turned on the emergency flashers on Ledoux’s vehicle, walked to the passenger side of the vehicle, and entered it to assist Ledoux. She stated that before doing this she told someone to get a flashlight and warn motorists of the fact that the Ledoux vehicle was blocking the eastbound lane. She stated that prior to getting into the Ledoux vehicle she observed that the car had broken headlights and physical damage to the hood. She concluded that Ledoux had been involved in an accident. Shortly after she entered the Ledoux vehicle it was hit from behind by the defendant’s vehicle.
Important portions of the testimony of Miss LeBoeuf are contradicted by testimony of other witnesses. Two witnesses, one the defendant’s wife, Mrs. Larry Thomas, and the other a State Police officer, Joseph H. Guillory, testified that Ledoux emitted a strong odor of alcohol following the accident. Ledoux himself admitted to drinking before the accident. This contradicts Miss LeBoeuf’s statement that she smelled no alcohol on the breath of the plaintiff’s insured just prior to the accident.
The testimony of Willard Mott of the Eunice City Police Department was that he was driving west on U. S. 190 and was about ISO to 200 feet from the scene of the accident when it occurred. He stated that he did not observe any lights on the Ledoux vehicle prior to the accident in question nor did he observe anyone around this vehicle directing traffic with a flashlight. This contradicts the statement of Miss LeBoeuf that she activated the emergency flashers on Ledoux’s vehicle and had someone warning oncoming traffic with a flashlight.
The testimony of Mrs. Roosevelt Smith was that she came upon the Ledoux vehicle parked in the eastbound lane of the road on her way home from working just a few minutes prior to the accident. The substance of her testimony indicated that the vehicle did not appear to have been in an accident. She stated that she stopped behind the car and observed that there was no one around the car at that time and that the driver had his head “flipped back” on the seat. His lights were on at the time. She thereupon went around his vehicle and after doing so observed that the lights of the vehicle were then turned off. Realizing the danger of the situation, she stopped and had someone call the police to investigate. She thereupon returned home, which was not far from the area of the accident, and approximately fifteen minutes later she heard sirens.
Ledoux’s testimony indicates that he remembered nothing about the events leading up to the accident. His memory stopped at 9:00 P.M. that evening about an hour and a half before the accident occurred. Up to that point he admitted having “two or three beers” and further admitted that he could have had several more beers up to the time of the accident. His only knowledge of any prior accident was admitted by him to have been obtained from Miss Le-Boeuf.
The testimony of Mrs. Smith and Officers Mott and Guillory, all plaintiff’s witnesses, not only refutes plaintiff’s contentions but is supportive of defendant’s testimony. The defendant testified that he was driving east on U. S. 190 at approximately 60 miles per hour. He had his lights on dim, having just passed a car traveling in the opposite direction. He was about 150 feet from the Ledoux vehicle when he first noticed it. He saw no lights on the vehicle, only the reflection of his headlights against the rear bumper of Ledoux’ car; nor did he see anyone around the car with flashlights. He did see several people standing around this vehicle which prevented him from swerving left or right about this obstruction. Instead, he immediately slammed on his brakes but could not avoid colliding with the rear of the Le-doux vehicle. He further testified that there were no lights at the point of the collision, the nearest lights being at a busi *415 ness establishment more than 100 feet from the point of the accident.
We find that the record supports the trial judge’s dismissal of the plaintiff’s suit against the defendants. The attempt to justify Ledoux’s violation of R.S. 32:141 failed. The testimony of Miss LeBoeuf concerning evidence of a prior accident was contradicted by the testimony of other witnesses, and it was for the trial judge to evaluate all the evidence and draw his conclusions accordingly. Finding a reasonable basis in the record for the decision of the trial judge, we will not disturb his judg^ ment.
For the reasons assigned, the judgment of the trial court is affirmed at plaintiff-appellant’s cost.
Affirmed.