YARRUT, Judge.
This suit arose out of a collision between a truck owned by Plaintiff, and a flatbed trailer owned by Defendant, about 9:30 P.M. on September 23, 1965, on France Road in New Orleans, Louisiana.
Plaintiff’s claim is for cost of repairs to its truck and the cost of renting another *359 vehicle while its truck was undergoing repairs.
The Trial Court rendered judgment for Defendant, finding that Defendant was negligent and Plaintiff’s driver contribu-torily negligent. Plaintiff has taken this appeal.
The only testimony regarding how the accident happened was that of Mr. O. D. Fenimore, driver of Plaintiff’s truck. Although his testimony is, at times, conflicting, from all the evidence we have concluded that the following are the pertinent facts surrounding the accident:
During the night Mr. Fenimore was proceeding on France Road (a two-lane roadway), which runs parallel to the Industrial Canal, in a general direction toward the Mississippi River. He first stopped at a business establishment along the Industrial Canal, and departed from its yard at about 9:25 P.M. At that time he continued to proceed on France Road and was about eight-tenths of a mile from the point of the accident. At that time the following vehicles, owned by Defendant, were on France Road at the point of accident:
1. A stopped truck in the lane opposite from Plaintiff’s driver’s lane facing toward Lake Pontchartrain with its lights on.
2. An unlighted flatbed trailer attached to this truck and which extended across Plaintiff’s driver’s lane.
3. An unlighted truck on the right shoulder of the road.
4. A truck with both headlights on facing in Plaintiff’s driver’s direction and situated behind the unlighted truck on the shoulder of the road. This was the truck about to be attached to the flatbed trailer in order to be towed.
Mr. Fenimore testified that, as he entered the river-bound lane of France Road, he observed two lights on the truck facing him in the opposite lane, and one light from the truck on the shoulder of the road; that when he was approximately 100 yards from the scene of the collision he determined that the truck on the opposite side of the road, in the lake-bound lane of traffic, was stopped and he observed the other headlight on the truck on the shoulder of the road; and that, at this particular point, because the situation “didn’t look very good” he took his foot off the accelerator slowing his vehicle somewhat from its speed of 35 miles per hour. He further testified that the lights from the two trucks formed a “shield of light” beyond which he could not see, and that he passed this shield of light 50 feet from the flatbed trailer when he noticed the tow chain and applied his brakes but too late to avoid the collision.
Plaintiff contends that the Trial Court erred in finding its driver negligent, and in support of this contention cites many authorities in support of the following principles: (1) A motorist confronted with a sudden emergency is held solely to the duty of acting as a reasonably prudent driver; and (2) When a driver collides with an unlighted vehicle in his lane of traffic and has had no warning that a dangerous situation exists, he is free of contributory negligence.
These principles are well-established in our jurisprudence. However, in each case the particular facts and circumstances must be considered, in order to determine the question of negligence.
In the instant case Mr. Fenimore admitted that, when he was approximately 100 yards from the scene of the accident, he was aware that something was wrong, yet he did not apply his brakes nor slow down substantially. He also testified that he was unable to see behind a shield of light created by Defendant’s vehicles.
It is likewise well-established that, when visibility is materially impaired *360 by bright lights, a motorist must operate his vehicle with a very high degree of care. This duty of care is greater here because the driver was aware of something unusual about the highway ahead. He should reduce his speed and, if visibility is impossible or generally obscured, he must stop until conditions warrant going forward; and, in the absence of this ability to see clearly ahead, if he continues to travel as though he has a perfect clearance ahead, he does so at his own risk. See Lewis v. Quebedeaux, La.App., 134 So.2d 93, and cases cited therein.
We conclude that Mr. Fenimore was well-aware of a potentially dangerous situation confronting him in sufficient time to materially slow his vehicle or bring it to a stop. In failing to do this he was, as the Trial Court found, contributorily negligent, thus barring Plaintiff’s recovery.
For the above reasons, the judgment appealed from is affirmed; Plaintiff to pay all costs in both Courts.
Affirmed.