GULOTTA, Judge.
Plaintiff, Sidney Borne, brought this action for damages for total loss of his automobile and personal injuries jointly against defendants, Lester Alexander and Billups Western Petroleum Company and its insurer, Hartford Accident and Indemnity Company, arising out of an automobile accident which occurred on February 11, 1962. Defendant Alexander reconvened against plaintiff Borne and Hartford Accident and Indemnity Company. The trial court dismissed the demands of plaintiff Borne and plaintiff in reconvention, Alexander, finding Alexander negligent and Borne con-tributorily negligent. Plaintiff has taken this appeal. Lester Alexander did not appeal the trial court judgment holding that he was negligent.
The issue for our determination, therefore, is whether or not plaintiff is entitled to recover from Alexander or Billups, or is in fact barred by his contributory negligence.
The record reveals the following pertinent facts surrounding the accident. At approximately 3:00 a. m., on February 11, 1962, Lester Alexander, defendant and ap-pellee herein, backed his Packard automobile into a ditch adjacent to the upstream traffic lane of State Highway 44 in La-Place, Louisiana. The position of the vehicle was such that it blocked all of the upstream traffic of this highway while partially blocking the downstream or southbound traffic lane. Defendant Alexander left his vehicle unattended and unlighted.
*817 The testimony of State Trooper Wesley J. Burch was that the road was dry and straight at the point of impact and that there were street lights alongside the highway. It was a clear night and the area was further illuminated by the lighting provided by a cocktail lounge or bar directly across the highway from the parked vehicle. At approximately 5:25 a. m., plaintiff-appellant, Sidney Borne, was proceeding in an upstream direction on Louisiana Highway 44 and struck the front left part of the Alexander vehicle. At about the same time, Melvin Powell was driving a pickup truck belonging to defendant-appel-lee, Billups Western Petroleum Company, and was proceeding in a downstream direction on the same highway thus traveling in the opposite direction of plaintiff Borne. Plaintiff Borne indicated he was about 600 feet from the point of impact at the time he first noted the bright oncoming lights of the Billups pickup truck.
Melvin Powell testified that he saw the parked vehicle of Alexander when he was about 100 yards from it. He also saw the lights of the plaintiffs vehicle at that time approaching and about five blocks distance from him. When Powell came within approximately 50 yards of the stationary Alexander vehicle, he slowed down realizing that a collision was imminent. Powell saw the Borne vehicle strike the Alexander vehicle.
Plaintiff Borne's cause of action against defendant Alexander is based on defendant Alexander’s alleged negligence in leaving his vehicle protruding across the highway unattended and unlighted. The basis for the action against Billups Western Petroleum Company and its insurer, Hartford Accident and Indemnity Company, is that the driver of the Billups pickup truck was negligent in that prior to and at the time of the accident the said truck driver had his bright lights on and refused to respond to plaintiff’s request to dim the lights which plaintiff claims blinded him and prevented him from seeing the Alexander vehicle.
The trial court exonerated Billups and its insurer from any liability and stated that it could not find sufficient evidence upon which to hold that Powell, the driver of the Billups pickup truck, had violated R.S. 32:322(B) which states:
“Whenever a driver of a vehicle approaches an oncoming vehicle within 500 feet, such driver shall use a distribution of light, or composite beam, so aimed that the glaring rays are not projected into the eyes of the oncoming driver. The lowermost distribution of light, or composite beam, specified in R.S. 32:321, shall be dimmed to avoid glare at all times, regardless of road contour and loading.”
The trial judge concluded, however, that defendant Alexander’s actions were in violation of R.S. 32:141(C) providing that:
“The driver of any vehicle left parked, attended or unattended, on any highway, between sunset and sunrise, shall display appropriate signal lights thereon, sufficient to warn approaching traffic of its presence.”
Thus, the trial court found that Alexander’s failure to display signal lighting under the circumstances was a proximate cause of the accident. As to plaintiff, Borne, the trial court found that due to the extensive damage to the vehicles and in light of the investigation by the State Trooper, plaintiff Borne must have exceeded the 25 mph speed limit and that this violation was a proximate cause of the accident.
In each case the particular facts and circumstances must be considered in order to determine the question of negligence. Based on the facts in the case at bar, we find no manifest error in the trial judge’s reasoning in denying plaintiff recovery. Plaintiff has failed to clearly establish by a preponderance of evidence that the approaching truck owned by Billups did in fact have on its bright lights. The *818 driver of the truck testified he did not and plaintiff testified he did. Assuming, ar-guendo, that plaintiff Borne was blinded by the glare of the lights on the Billups truck, plaintiff was nevertheless negligent. This court has held that a driver such as plaintiff Borne in the subject case, who is blinded by the lights of an oncoming car, is then called upon to exercise caution so as to have his car under control in order to safely meet any ordinary emergency which may present itself. The Fourth Circuit enunciated this doctrine in Henderson Sugar Refinery, Inc. v. Fertel Corporation, 216 So.2d 358, at 359 and 360 (La.App. 4th Cir., 1968).
“It is likewise well-established that, when visibility is materially impaired by bright lights, a motorist must operate his vehicle with a very high degree of care. This duty of care is greater here because the driver was aware of something unusual about the highway ahead. He should reduce his speed and, if visibility is impossible or generally obscured, he must stop until conditions warrant going forward; and, in the absence of this ability to see clearly ahead, if he continues to travel as though he has a perfect clearance ahead, he does so at his own risk. See Lewis v. Quebedeaux, La. App., 134 So.2d 93, and cases cited therein.” (Emphasis added.)
We do not feel Borne exercised sufficient caution prior to the accident and thus proceeded at his own risk from the moment his vision was blinded by the oncoming vehicle. We find other facts to be noteworthy under the circumstances. Mr. Powell was able to see the Alexander vehicle when he was 100 yards distance from it. The portion of La. Highway 44 where the accident occurred is in a 25 mph speed zone. Despite plaintiff’s contention that he was not exceeding the speed limit, both the Borne auto and the Alexander car were totally demolished. The investigating state trooper, after observing the relative position of the vehicles and the severe damage inflicted, concluded that Borne could not have been operating his automobile within the posted speed limit. In view of the testimony of the State Trooper and Melvin Powell, the observance that adequate lighting was found to be existing in the vicinity of the accident and the finding of extensive damages to the vehicles involved, this Court concludes that Mr. Borne must have failed to keep a proper lookout and exceeded the speed limit, which negligence was the proximate cause of the accident. Furthermore, in light of the Henderson case, supra, we find that once plaintiff’s visibility was obscured so that he was “blinded” by the lights of the oncoming vehicle, by continuing to proceed forward as though he could see clearly, he did so at his own risk.
We, therefore, conclude that Mr. Borne was cognizant of a potentially dangerous situation before him in sufficient time to either slow down or stop his automobile. By failing to do this he was, as found by the trial court, contributorily negligent thus barring plaintiff’s recovery.
For the foregoing reasons, the judgment appealed from is affirmed and plaintiff is to pay costs.
Affirmed.